6   57
84  645

## MATOON *v.* EDER *et al.*

An affidavit for arrest which avers on information and belief that the defendant has been guilty of fraud in the contracting of the debt, or in endeavoring to prevent its collection, in the terms required by statute, and followed by an averment of the facts on which the belief is founded, also stated on information and belief, is sufficient.

Insufficiency of the affidavit on which the writ of arrest issues, can not be set up in defence by third parties, nor even by the defendant himself after judgment.

The obligations of bail are assumed with reference to the law, which becomes a part of their contract, and the whole statute must be examined to determine their liability.

The writ of arrest is only an intermediate remedy or process, to secure the presence of the party until final judgment, and the facts on which it is based must be affirmatively found, and the fraud stated, in the judgment, in order to authorize an arrest on final process.

Where the judgment is not such as will warrant a writ of *ca. sa.* to be issued under it, the bail will not be charged for neglecting to surrender the judgment debtor.

APPEAL from the District Court of the Twelfth Judicial District.

This was an action on a bail bond. The defendants demurred and answered, demurrer being overruled. The record shows that the plaintiffs sued out a writ of arrest against H. Gilbert, in an action brought against him, and in which the complaint alleged indebtedness, *but not fraud.* The affidavit on which the writ issued, made the statutory averments of fraud on information and belief, and also set forth *on information and belief,* the facts on which the belief of fraud was founded. Gilbert was arrested, and the defendants gave the bail bond required by statute.

The plaintiffs obtained final judgment by default against Gilbert for the amount sued for, but the judgment does not find the fraud alleged in the complaint, and is a mere money judgment. Execution was issued against the property of Gilbert, and returned unsatisfied. Gilbert was not surrendered by his bail, nor did he surrender himself within ten days after judgment.

The plaintiffs having established the above facts, rested their case. The defendants moved for a non-suit, which was overruled. The jury found a verdict for plaintiff, and defendants moved for a new trial, which was overruled, and judgment entered for plaintiff. Defendants appealed.

*Crockett & Page* for Appellants.

1. The complaint does not allege, nor the testimony show, that the

plaintiff had taken the necessary steps to charge the defendants as bail. No *ca. sa* was issued in the action against Gilbert, and return of *"non est inventus"* made, which are necessary to charge bail. Prac. Act, § 81; 3 Black. Com., 416; Tidd's Pr., 1097, ed. of 1828; Champion *v.* Noyes, 2 Mass. R., 481.

In the action against Gilbert, fraud was not alleged in the complaint and formed no part of issue tried.

Sections 82 and 83 of the Practice Act were only intended to limit the time within which bail might exonerate themselves, if the undertaking had been broken by the failure of the debtor to render himself amenable to the process of Court, which they could do by surrendering him within ten days after judgment, otherwise to be finally charged; but they do not provide that the bail shall be finally charged by the judgment, without any breach of their undertaking.

*E. Casserly* for Appellants.

In order to fix the liability of bail on a civil arrest, the rule has always been, at common law, that a *ca. sa.* must issue and return *non est inventus* made. Tidd's Pr., 1147 and notes; 1 Salk., 599, anon per Holt, C. J.; Weddell *v.* Jocar, 10 Modern, 267; Thackeray *v.* Harris, 1 B. and Adol., 212; Bacon's Abridg., Art., "Bail," D; 1 Levinz, 225; Cook *v.* Brockhurst, 13 East., 588. And the practice at common law always has been that even after *ca. sa.* issued and returned, and suit or *scire facias* commenced against bail, the latter might be discharged at any time during the pendency of the action, by surrendering their principal. 1 Bacon's Abridg., Art., "Bail," D; Petersdorff on Bail, 354 and 355, (Law Lib., Vol. 8;) Tidd's Prac., 283. Our statute limits the time in which they may exonerate themselves.

2. The defendants are not liable, because the affidavit on which the writ of arrest issued is entirely on information and belief, and no *facts stated* as required, they being alleged on information and belief as well as the fraud inferred from them. Pr. Act, § 75; Broadhead *v.* McConnell, 3 Barb., 175, 189, 191. This Court will examine the affidavit, as the jurisdiction of the District Court to issue the writ is based upon it. Nelson *v.* Gordon, Oct. T., 1854; Caldwell *v.* Colgate, 7 Barb., 253.

3. The defendants are not liable in this action, because, in the suit against Gilbert no fraud is alleged in the complaint nor found by the judgment, so that if the bail had surrendered Gilbert to the sheriff after judgment, Gilbert would have been entitled to his immediate release. If the surrender would have been unavailing, the bail were under no obligations "to do a vain act."

The original order of arrest is merely interlocutory—is granted *ex parte*, and the defendant may be discharged on motion.

To be imprisoned by virtue of a judgment implies a trial, as guarantied by the Constitution, Art. I., §§ 1, 15.

*A. H. Hitchcock* for Respondent.

1. It is too late for third parties, or even the defendant Gilbert, to

raise objections to the affidavit for arrest, after final judgment in the action. 1 East., 81, 330; 1 B. and S., 132; 2 Strange, 1077; 6 Taunton, 185; 7 T. R., 376, n.; 8 T. R., 77; 5 T. R., 254; 10 Bingham, 506; 2 Hump., 445; Hardin, 203; 1 Blackf., 112; 24 Wend., 275; 19 Wend., 122; 7 P. R., (N. Y.,) 37; 3 Mo., 409.

In the case of Nelson *v.* Gordon, cited by appellant, there was no allegation of fraud committed in this State. It is objected that Gilbert was entitled to a trial on the question of fraud. He could have denied it on affidavit, but he allowed it to go by default.

3. The Constitution, Art. I., § 15, provides, that in cases of fraud parties may be arrested in civil actions, and the Practice Act, § 73, &c., provides the manner in which it shall be done. The arrest being authorized by the Constitution and the statute, the judgment and proceedings surely must be sufficient to authorize the detention of the person in such case. 2 Selden, 560.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

This was an action in the Court below upon a bail bond. Several questions are raised by the record which I propose briefly to examine, with no expectation, however, of reconciling the apparent contradictions of the statute, which have hitherto been a stumbling block to the profession, and defied judicial exposition.

The first point is, as to the sufficiency of the affidavit, and whether the bail can take advantage of any informality or defect in it.

An examination satisfies my mind that the affidavit, on which the order of arrest was issued, is sufficient, and this would dispose of the point, were it not desirable that some rule should be established to govern future cases.

Whatever doubt may have heretofore existed in the minds of this Court or the bar, we are satisfied, upon the weight of authority, that this defence cannot be set up by third parties, and not even by the defendant himself after judgment. By putting in bail and neglecting to move to be discharged, he consents to process and waives all irregularities in this respect. 1 East., 81; 6 Taunton, 185; 10 Bingham, 506; 24 Wend., 275; and 19 Wend., 122.

The next question is how and when the bail becomes charged. The obligation of the bond is, that "the defendant shall at all times render himself amenable to the process of the Court during the pendency of the action, and to such as may be issued to enforce the judgment therein, or that they will pay to the plaintiff the amount of any judgment that may be recovered in the action." In ordinary cases, the defendants would only be bound by the conditions of the bond, but the principle is now familiar, that where parties contract in respect to a law, the law itself becomes a part of the contract, and they are bound thereby; Russell *v.* Elliott, 2 Cal., 245; so that the whole statute must be examined to determine the defendants' liability.

From the conditions of the bond, it would seem that some final pro-

cess should issue against the judgment debtor before the bail became finally charged; and in the absence of any other provision, it would probably be necessary that a *ca. sa.* should issue, and be returned *non est inventus*, before the bail would be liable; but, while such process seems to be contemplated by the eighty-first section of the statute, the implication is denied or destroyed by the eighty-second and eighty-third sections of the same act, which provide, that unless the debtor is surrendered within ten days after judgment, the bail shall be finally charged.

It is difficult to reconcile the provisions of these sections upon any other hypothesis than that the Legislature have omitted, through inadvertence, to provide for final process in these cases; and it is a singular anomaly that bail should be charged, who have undertaken that the defendant will render himself amenable to the process of the Court, when the fact is admitted that no process has issued, and that the debtor has at all times been within its reach.

I come now to the point, whether the judgment should not state the fraud affirmatively; in other words, fraud being the gravamen of the whole proceeding, whether it should not be found, before the debtor can can be imprisoned or the bail charged. It appears that there can be but two judgments, one against the person, and the other against the property; in the former of which, the execution issues, directing the officer to arrest and confine the party until the debt be paid. In order, then, to determine whether the party can be imprisoned, we must look to the judgment, which in this case is a simple money judgment. The Constitution of California prohibits imprisonment for debt except in cases of fraud; consequently every intendment must be in favor of the liberty of the subject, and his right to trial by jury, which is likewise secured.

It is said that the District Courts have jurisdiction over the subject of frauds, and it must be presumed, when its process issues, that it has been issued in a proper case. The liberty of the citizen is not to be presumed away in any such manner; and, adopting this rule of presumption, there is not a single case in which a party might not be arrested and imprisoned on final process, although fraud never entered into the elements of the original suit or controversy. Is the mere arrest conclusive of fraud? The party may be relieved from it by deposit or bail, or by moving upon affidavit to be discharged before justification of the bail. Suppose the Court should refuse to discharge, what then is his remedy; is he concluded by this left-handed proceeding in a matter which affects honor and liberty as well as property? A party is arrested: he gives bail to prevent going to prison, and because the Court refuses to discharge him before judgment, or he neglects to apply for such discharge, he is said to have waived all right and confessed the fraud. This would be a dangerous implication, and one which should not be tolerated by this Court, particularly after its repeated decisions that constitutional rights cannot be waived by mere implication. Fraud is a fact which must be proved; the party undertakes to do so when he sues out his process; it gives character to his judgment, and determines his

rights, and he should substantiate it. Suppose, upon the very day on which the plaintiff's case is called for trial, he should arrest the defendant; what would be his most natural course? He might not be able to put in bail, or be unwilling to do so, as a few hours would determine his liability, and yet by this delay he would be concluded; would the Court stop the trial of the cause until it had determined the arrest legal, or would it not be more proper to order the pleadings to be amended, the question of fraud submitted to the jury, and a judgment to be entered in conformity with the facts found?

My conclusions are, that the writ of arrest is only an intermediate remedy or process to secure the presence of the party until final judgment, and that the facts on which it is based must be affirmatively found, and the fraud stated in the judgment, in order to authorize an arrest on final process. That inasmuch as this was not done in the present case, no *ca. sa.* could have properly issued against the judgment debtor; and that the law will not charge the bail for neglecting to do a vain act, as it is apparent, if they had surrendered him, the sheriff would have had no authority to detain him.

I am aware that in announcing this opinion I shall not meet with the full concurrence of the bar, but I can come to no other conclusion. The difficulties grow out of the statute, which would seem to to have been enacted by a Legislature much resembling the *"parliamentum indoctum,"* or lack-learning parliament, of which Lord Coke speaks with so much spleen. We may congratulate the country that this same want of professional knowledge does not now exist, and that our present legislators, so profoundly learned and deeply skilled in the arcana of the law, even beyond the experience of barristers and judges, will readily ascertain and remedy the defect by change of the organic law, or in some other way. It remains but to add that judgment is reversed.