THE OCEAN STEAMSHIP COMPANY *vs.* WILLIAMS.

69  251
90  660
69  251
96  153
69  251
L110 169
69  251
116  962
69  251
118  384

1. A plea of the general issue is a denial of the allegations in the plaintiff's declaration. No evidence is admissible under such plea except such as disproves the plaintiff's cause of action. All matters in satisfaction and avoidance must be specially pleaded.

(*a.*) In an action for false imprisonment, a plea which alleged that the plaintiff was at the time one of the defendant's servants, and with others had custody of the goods stolen on the vessel when the larceny was committed ; that he and his associates alone could have been guilty of the theft, and which particularized all the circumstances which gave the defendant reasonable and probable grounds to suspect the guilt of the plaintiff and to cause his arrest and imprisonment; and which averred that plaintiff was not detained in custody for an unreasonable length of time, was a good plea in justification of the conduct of defendant, and gave the right to open and conclude.

2. By a plea of justification in an action for a tort, the defendant admits the act to be done, and is entitled to all the privileges of one holding the affirmative of the issue, including the right to open and conclude the argument.

(*a.*) That the plea of justification was not filed until the plaintiff had made out his case and closed his evidence, does not take away the right to open and conclude.

3. In an action for false imprisonment, a plea of justification does not necessarily admit that the imprisonment was wrongful and unlawful. It need only admit the imprisonment and the manner thereof as charged in the declaration. If it admitted the unlawfulness of the detention, it would cease to be a plea, and would amount to a confession of judgment.

4. In an action for false imprisonment, expenses which were the immediate or necessary consequence of the act complained of, including counsel fees and costs incurred by reason of the imprisonment, could be taken into consideration by the jury in estimating damages ; nor would it be necessary in order for such elements of damages to be considered, to show bad faith, or stubborn and litigious

conduct, or unnecessary trouble and expense caused by the defendant.

(a.) Although there was no allegation in the declaration authorizing evidence on these items, yet where evidence concerning them was admitted without objection, the judge properly charged the jury as to its effect. Had any objection been made the declaration could have been amended.

5. There was no error in refusing a non-suit on the first count in the declaration, there being sufficient evidence on that count to carry the case to the jury.

6. An arrest being legal, the person causing it cannot be held responsible for the conduct of the officer or person in charge of the prisoner after the arrest, unless it be shown to have been done by his authority or to have been caused by him.

7. In an action for false imprisonment, if a plea of justification be filed but not sustained, the jury may consider it as authorizing them to give additional damages.

8. There being no allegation in the declaration authorizing the introduction of evidence as to harsh treatment sustained by the plaintiff while confined in the police barracks, or while under arrest and while being carried before the magistrate issuing the warrant, an objection to such evidence should have been sustained. This defect can be cured by amendment, but no amendment was offered on the last trial.

9. It is the duty of a person making or causing an arrest to be made, to convey the party arrested without delay before the most convenient officer authorized to receive an affidavit and issue a warrant. This duty is not discharged by delivering the person arrested into the custody of a police officer, who has no authority to take an affidavit and issue a warrant. The imprisonment under such an arrest would not be legal beyond a reasonable time allowed for procuring a warrant; and what constitutes a reasonable time is a question for the jury.

(a.) The object of the arrest is to carry the prisoner before a magistrate. After a warrant has been issued and the accused has been placed under arrest, a reasonable time will be allowed by the presiding magistrate for making an investigation and procuring the evidence in the case.

January 30, 1883.

Pleadings. Damages. Malicious Arrest. False Imprisonment. Justification. Non-Suit. Evidence. Before Judge HARDEN. City Court of Savannah. May Term, 1882.

Williams brought an action against the Ocean Steamship Company of Savannah. His declaration contained two counts. The first count was for false imprisonment, and alleged that on the 11th day of January, 1882, the defendant, "with force and arms did unlawfully and wrongfully imprison and detain" him "in the police barracks, falsely pretending that he was guilty of the crime of larceny from the vessel; that he was thereby deprived of liberty for twenty-six hours," was greatly harassed and oppressed, subjected to trouble and expense, deprived of employment, his character and reputation damaged, and he was put to great suffering.

The second count was for malicious prosecution.

Defendant pleaded the general issue. The evidence on behalf of the plaintiff was, in brief, as follows: On January 11, 1882, plaintiff, with a number of other colored men, was employed in handling freight on board the steamship "City of Macon," belonging to the defendant. The "gang" was at work in what is known as the lower between decks. After a time a box was sent up, from which it was alleged that some stockings were missing, and the captain of the vessel ordered that the men be arrested, and not allowed to come up. The captain, quartermaster and a policeman employed about the wharf then searched the men, and searched about the vessel. They found some pantaloons behind a lot of freight in the lower between decks and one pair in the upper between decks. Plaintiff had nothing to do with these, and had done nothing to warrant his arrest. The box from which the stockings were stolen was cracked, but was not broken. The head man of the "gang" reported broken boxes to the quartermaster. Plaintiff testified that the head man called the quartermaster. The head man testified that he did not see the box, being absent at the time. Plaintiff further testified that the box was not sufficiently broken to allow goods to be taken from it. The captain of the vessel sent for the company's agent, and upon his arrival he caused

the arrest of the entire "gang," and instructed the police to carry them to the police barracks. Plaintiff was arrested about 12:30 o'clock P. M., and was kept at the barracks until 3 or 4 o'clock the next day. He was then carried to jail; subsequently employed counsel, to whom he agreed to pay $100.00; gave bond and was released. The removal resulted from the fact, that on the day after the arrest the captain of the vessel, under advice from the companys' agent, caused a warrant to be issued. The entire party were handcuffed and tied together, against the plaintiff's request not to be handcuffed. At the time of making the affidavit, the captain of the vessel asked if there was any fear of his getting himself into trouble about this warrant. Afterwards, when the case was called for a committing trial, the attorney of the company stated that he did not have sufficient evidence to warrant his proceeding with the examination, and thereupon the present plaintiff was discharged. While confined at the barracks, his wife was not allowed to bring him dinner, and he was given very insufficient food. There was other evidence as to value of services, loss of time, whether plaintiff was tried before the nearest magistrate, etc., not material here.

On the close of plaintiff's evidence, counsel for defendant moved for a non-suit. It was granted as to the second, but refused as to the first count.

The defendant then filed a plea of justification, setting up as a defence the following facts: At the time of the arrest the plaintiff, as defendant's servant, was engaged in unloading one of the ships of the defendant. Just before the arrest, several pairs of stockings, pants and other articles of clothing in the custody of defendant as a common carrier were feloniously stolen, taken out and removed from the package in which they were delivered to defendant; these articles were found hidden away in the side of the ship, in the lower and upper between decks, to which the plaintiff and the gang with which he worked had access, and where they alone were employed in unloading.

These articles were known by plaintiff to have been so stolen, and were feloniously taken and hidden by him with intent to steal .the same off of said steamship. Wherefore defendant, having good and probable cause of suspicion, and suspecting said plaintiff to have been guilty of or concerned in the stealing, did give the plaintiff in charge to a police officer and *ex-officio* constable of the city, and peace officer of the state, and requested him to take the said plaintiff into his custody and safely keep him until he could be carried and conveyed, and carry and convey him before some one of the justices assigned to keep the peace of the state of Georgia, to be examined by and before such justice, touching and concerning the premises, and to be further dealt with according to law; and said peace officer then and there did take said plaintiff into his custody, and as soon as conveniently could be done, the said plaintiff was carried in custody to and before M. F. Molina, one of the justices of the peace in and for the county of Chatham in said state, and said plaintiff was by order of said M. .F. Molina, justice of the peace as aforesaid, further detained until, upon the 12th day of January, 1882, the said plaintiff was discharged out of custody by the said justice of the peace. The time of imprisonment was a reasonable time for the purpose aforesaid, " which are the alleged trespasses in said declaration set out, and this the said defendant," etc.

Defendant's counsel claimed that the filing of the plea of justification gave them the opening and conclusion of the argument before the jury. The court refused to allow this claim, and permitted plaintiff's counsel to open and conclude the argument.

The evidence for the defendant was, in brief, as follows: Plaintiff and the others in the same gang were working in the lower between decks. They sent up a box, from which a piece had been broken off some five or six inches in width, and from which two boxes of stockings had been removed. It was the duty of the head man of the gang to report

broken boxes. No report was made of this one, and the head man claims to have been absent when it was sent up. On making search of the vessel, five pairs of pants and a vest were found thrown behind the freight in the lower between decks. They were new pants, having the price tickets on them, and appearing to have been recently placed there. One pair was torn, as though hastily pulled off. No other "gang" had been at work there except this one. The men were arrested, and the agent told the sergeant of police to take them to the barracks for examination, because they were stealing from the vessel. The agent also told the chief stevedore that he did not want any such labor, and since that time complaints in regard to lost goods have been much fewer. A warrant was sworn out on the morning after the arrest by the captain of the vessel.

The jury found for the plaintiff $114.00. Defendant moved for a new trial on the following grounds:

(1.) Because the court, over the objection of defendant's counsel, allowed the plaintiff to introduce evidence of alleged ill-treatment while in confinement, to-wit: being given bad food and a small quantity of it while he was in the police barracks, and his having been handcuffed while being carried to the magistrate's office, such ill-treatment not being specially alleged in the declaration.

(2.) Because the court refused (a motion to that effect having been made by defendant's counsel) to grant a non-suit on the first count in plaintiff's declaration, to-wit: the count for false imprisonment.

(3.) Because, when plaintiff had closed his evidence, and defendant had filed a plea of justification, the court refused to allow defendant's counsel the opening and concluding argument to the jury.

(4.) Because the court charged the jury as follows: "The arrest is admitted; the first arrest is admitted to have been legal. That being the case, the defendant who caused that arrest is not responsible for anything which

The Ocean Steamship Company *vs.* Williams.

may have been done by the officer or person in charge of the prisoner after the arrest, unless it can be shown that it was done from his authority—that he was the cause of it."

(5.) Because the court erred in charging the jury as follows: "With reference to the expenses of the litigation, the amount of counsel fees claimed as being owed as contracted for is one hundred dollars. There are three circumstances under which you may allow that. One is, if you find that the defendant has acted in bad faith, or if he has been stubbornly litigious, or if he has caused the plaintiff unnecessary trouble and expense about the litigation," there being no evidence on which to base said charge.

(6.) Because the court erred in charging the jury as follows: "Counsel requests me to charge you with reference to the plea. You will have with you the declaration and the plea annexed. If you find under the plea—taking the whole plea—if you find it is asserted that this party was guilty of the crime for which he was arrested, and you believe that he was not guilty, you are to consider that in making up your damages as a matter that would authorize you to give additional damages."

(7.) Because the verdict was contrary to law, evidence and the charge of the court.

The motion was overruled, and defendant excepted.

LAWTON & CUNNINGHAM, for plaintiffs in error.

J. J. ABRAMS; R. R. RICHARDS, for defendant.

HALL, Justice.

1. The first question to be considered in this case is, whether the amended plea of the defendant, filed and allowed during the progress of the trial, is a plea in justification of the plaintiff's arrest and imprisonment, or is merely an amplification of the general issue of not guilty?

Without this plea, could the defendant, under the general issue, have introduced the evidence by which it sought to justify the plaintiff's arrest and imprisonment? The only count in the declaration on which the trial was had alleged that the defendant, on the day named therein, wrongfully and unlawfully imprisoned and detained the plaintiff in the police barracks of the city of Savannah, falsely pretending that he was guilty of the crime of larceny from the vessel; and that by reason thereof he was deprived of his liberty for the space of twenty-six hours, and was greatly harassed and oppressed, subjected to trouble and expense, deprived of employment, his character and reputation seriously damaged, and he was put to great suffering.

Now, what did the plea of not guilty put in issue, and what proof was admissible thereunder? "In trespass to the person, personal or real property, the defendant, under the general issue of not guilty, can give in evidence matter which directly controverts the fact of his having committed the acts complained of; as in trespass for assault and battery, with a tearing of clothes, a plea of not guilty of the assault *modo et forma*, was held to operate as a denial of the battery and *laceravit* as well as the assault." 1 Chitty's Plead., 534, 535. So our Code, §3458, after defining what a plea of the general issue is, provides that no other evidence is admissible under such plea, except such as disproves the plaintiff's cause of action, and other matters in satisfaction (confession?) or avoidance must be specially pleaded. See upon this section 44 *Ga.*, 199, which is fully in point with the present case.

In all such cases Mr. Chitty, 1 Plead., 535, says, "matters in discharge or confession and avoidance of the action must be specially pleaded." Again, "the plea of not guilty, therefore, is proper in trespass to person, if the defendant committed no assault, battery or imprisonment; but in trespass to person *son assault demesne*, the moderate correction of servant, *molliter manus imposuit* to pre-

serve the peace, or a justification in defence of the possession of real or personal property, by authority of law without process, as a private individual, must always have been pleaded specially." *Ib.*, 535, 536.

"A plea," he says, "justifying an arrest of the plaintiff upon the ground that a felony had been committed, and that there was reasonable ground to suspect and accuse the plaintiff, must distinctly state the specific reasons for suspecting the plaintiff. And a plea justifying assault and imprisonment on the ground of a breach of the peace committed by the plaintiff, must show that the breach of the peace was continuing, or show facts from which a renewal of the breach was to be apprehended, and as little as possible should be left to inference." *Ib.*

"These are positive rules of law, in order to prevent surprise on the plaintiff at the trial by the defendant then assigning various reasons and causes for imprisoning the plaintiff, of which he had no notice, and which consequently, he could not be prepared to meet at the trial on a plea of not guilty on fair and equal terms with respect to the evidence and proof of facts." *Ib.*, 536, 537.

A striking instance of the application of this rule is afforded by the case of *Brooks vs. Ashburn et al.*, 9 *Ga.*, 297, which was an action of trespass on the case for killing a slave, to which the defendants filed the plea of the general issue and sought to justify themselves thereunder by showing that they were acting as patrol when the slave was killed; they relied upon the act of 1770, which declared that "if any person shall be, at any time, sued for putting in execution any of the powers contained in the act, such person shall and may plead the general issue, and give the special matter and this act in evidence;" but this was not allowed by the court for two reasons: because this was a common action of trespass; the defendants were not sued for putting in execution the powers contained in the act of 1770, and could only avail themselves of the proof under a special plea of justification. This, the court

ruled, was requisite under the 9th section of our judiciary act of 1799, which required the defence to be plainly, fully and distinctly set forth.

The plea in the case before us comes substantially up to these requirements. It sets forth that the plaintiff was at the time one of the defendant's servants, who, with others, had custody of the goods stolen on the vessel; that he and his associates could alone have been guilty of the theft, and particularizes each and all the circumstances that gave the defendant reasonable and probable grounds to suspect the guilt of this party and to cause his arrest, imprisonment and detention, and it avers that he was not detained in custody an unreasonable length of time. We hold this a good plea in justification of the conduct of the defendant, and it gave him the right to open and conclude the argument of the case to the jury.

2. In every case of tort, if the defendant was authorized by law to do the act complained of, he may plead the same as a justification; by such plea he admits the act to be done, and shall be entitled to all the privileges of one holding the affirmative of the issue. Code, §3051. Among these privileges, and perhaps the most important of all of them, is that of opening and concluding the argument of the case to the jury. This privilege was denied him because, as it was said, the plea was not filed until the plaintiff had made out his case and closed his evidence. This objection is fully met and answered by this court in *Ransone vs. Christian*, 56 *Ga.*, 354.

3. It is claimed, moreover, that the plea is defective, in that it does not admit all that is charged against the defendant in the declaration; it does not of course admit, as was insisted that it should admit, that the imprisonment was wrongful and unlawful; that, instead of being a plea of justification, would have amounted to a confession of judgment to the plaintiff. All that the defendant was required to admit by its plea was the imprisonment and the manner thereof as charged in plaintiff's declaration. 49 *Ga.*, 491.

The Ocean Steamship Company *vs.* Williams.

4. The defendant in the court below insists that inasmuch as the evidence in the case shows that the damages awarded by the verdict were made up of counsel fees paid and promised by the plaintiff, and of costs paid by him to the magistrate, and as it had not been shown that defendant acted in " bad faith," or was " stubbornly litigious," or caused plaintiff unnecessary trouble and expense, the verdict was wrong, and should be set aside. While we may entertain an opinion as to the manner in which the jury reached the amount of their verdict, we cannot say certainly, from anything that appears in the record, that the result was attained in the mode specified; and even if it had been, we are not prepared to hold that " bad faith," or " stubborn litigiousness," or " unnecessary trouble and expense," caused by the defendant to the plaintiff, should concur with other things in order to make the items specified proper ingredients to enter into a computation of damages in such a case; if such expenses were the immediate and necessary consequences of the act complained of, they should, in any view, be taken into consideration in estimating the damages. In all cases, necessary expenses consequent upon the injury done are a legitimate item in the estimate of damages. Code, §3068.

Again, it is urged that there was no allegation in the only count contained in plaintiff's declaration on which the case was tried, that authorized the admission of these items in evidence. To that it has been replied, and we think successfully, that the evidence was admitted without objection ; that if objection had been made when it was offered, the declaration could have been amended so as to let it in, and no motion having been made to rule it out, the judge properly charged the jury as to its effect and influence.

5. The court did not err in refusing to non-suit plaintiff on the first count in his declaration for false imprisonment. There was sufficient evidence to carry the case on that count in the declaration to the jury.

6. Nor was the judge's charge wrong in relation to the responsibility of the party causing the arrest; it having been admitted that the first arrest was legal, of course the party causing it to be made was not responsible for things done by the officer, or person in charge of the prisoner, after the arrest, unless it could be shown to have been done by his authority or that he caused it. Whether there is testimony in this record to authorize the qual fi-cation as set forth in the last paragraph of this charge, we will not now decide. For obvious reasons this would be improper.

7. The judge's charge upon the effect the plea of justi-fication would have, if not proved, upon the damages, was substantially correct; it only went so far as to instruct the jury that they might in that event consider it as authorizing them to give additional damages.

8. There is no allegation in either count of plaintiff's declaration, either general or special, which authorized any proof as to the harsh treatment of the plaintiff while confined in the police barracks, or while under arrest upon the warrant issued, and while being carried before the magistrate issuing the warrant; and without such alle-gation, the objection made by the defendant to the testi-mony should have been sustained. The *allegata* and *probata*, by an amendment, could have been made to cor-respond, but no amendment was offered or made. This can be done on another hearing. See 56 *Ga.*, 61.

9. That it was the duty of the party making or causing the arrest to convey the person arrested *without delay* before the most convenient officer authorized to receive an affidavit and issue a warrant, is too plain to admit of cavil or dispute. This results from the language of the Code: "Wherever the arrest is made by a private citizen who is present at the commission of the offence and sees it committed, or who acts upon reasonable or probable grounds of suspicion in making the arrest, the duty is not discharged by turning the party over and committing

him to the custody of a police officer who has no authority to take an affidavit and issue a warrant. The imprisonment under such an arrest would not be legal, beyond a reasonable time allowed for procuring a warrant." Code, §§4724, 4725. And this is always a question for the jury, under proper instructions from the court. 56 *Ga.*, 61. Time is not given to make an investigation of the facts of the transaction, but to procure the warrant. After the warrant is issued and the accused is under arrest, reasonable time would doubtless be allowed, and should be, for the purpose of making the investigation and procuring the evidence in the case by the magistrate before whom the accused is carried for examination. The arrest is allowed only for the purpose of carrying the party before a magistrate. 12 *Ga.*, 318 ; 56 *Ga.*, 61.

Judgment reversed.