[Filed March 29, 1892.]

## RUDOLPH NEIMITZ v. PETER CONRAD ET AL.

FALSE IMPRISONMENT—VOID PROCESS—IRREGULARITIES—WAIVER.—A void process is no justification for an arrest, but one merely irregular or voidable is a complete defense until set aside; and where a defendant appears and puts in bail without moving to set aside such irregular or voidable process, he waives all defects in the manner of its issue.

ARREST—REGULAR PROCESS—IRREGULAR SERVICE.—The process of arrest being sufficient, the party who in good faith upon proper cause sues it out, is not responsible for irregularities in the manner of its execution, unless it affirmatively appear that the officer so acted by direction of the person suing out the writ.

FALSE IMPRISONMENT—PLEADING—VARIANCE.—Where the complaint charges false imprisonment by an arrest void *ab initio*, it is a material variance to admit evidence of an arrest lawfully made, but which afterward became unlawful imprisonment by reason of a refusal to receive bail.

Multnomah county: E. D. SHATTUCK, Judge.

Plaintiff appeals.    Affirmed.

*V. K. Strode*, and *B. M. Smith*, for Appellants.

*A. F. Sears, Jr.*, for Respondent.

BEAN, J.—This is an action for false imprisonment, brought here by plaintiff on appeal from a nonsuit entered against him in the court below. The record is in confusion, but from the bill of exceptions, interpreted in the light of the briefs and arguments of counsel, the facts appear to be that on August 22, 1891, defendants Conrad and Schafer commenced an action in a justice's court against plaintiff, on an account; and at the same time filed an affidavit and undertaking in due form for the arrest of plaintiff as an absconding debtor. A warrant of arrest was issued by the justice of the peace and placed 'n the hands of a deputy sheriff for service. The plaintiff was arrested and taken to the office of defendants' attorney, where arrangements were made for bail, and the attorney prepared a bail bond and gave it to the officer to be executed by the sureties. The undertaking was afterward signed by two sureties, and although not executed in the manner pro-

vided by law, the officer discharged the plaintiff from arrest. A short time afterward, the attorney, learning of the action of the officer in discharging the plaintiff, caused another warrant to be issued by the justice and placed in the hands of the constable for service. Upon this warrant the plaintiff was again arrested, whether before or after midnight Saturday night does not clearly appear, and placed in jail until the following Monday, when he was taken before the court, and upon giving a proper undertaking, was discharged.

From this statement it appears that the court issuing the process under which plaintiff was arrested, had jurisdiction of the action and of the parties. The affidavit for the warrant set forth the necessary facts to authorize it to be issued. The proper undertaking was given, and there was a full compliance, so far as this record shows, with all the requirements of the law to justify the issuing of the process. The arrest was therefore under lawful process, and so long as it remained in force, was a complete justification to the defendants. The issuing of the second warrant was at most only an irregularity, and, until set aside, no action will lie for false imprisonment by reason of the arrest thereunder. A void process is no justification for an arrest, but an irregular and voidable one is a complete defense until set aside. "Before an action for false imprisonment under process of court can be maintained," says Mr. Bigelow, "it is necessary that the writ should be set aside, unless it appear to be absolutely void; for if the process is merely voidable, it is valid until quashed; and hence the arrest must, till then, be legal." (Bigelow, Torts, 131; *Day* v. *Bach*, 87 N. Y. 56; Bigelow, Leading Cases on Torts, 280.)

In this case no application was ever made to have the process set aside, but plaintiff appeared and put in bail. Having done this, and by neglecting to move for a discharge, he consented to the process and waived all

irregularities in the manner of its issue. (*Forster* v. *Orr*, 17 Or. 447; *Matoon* v. *Eder*, 6 Cal. 57.) It is clear, therefore, plaintiff is not entitled to maintain this action on account of any irregularity in the proceedings in the justice's court That court had jurisdiction; and although its proceedings may have been irregular, and could have been set aside on application, they afford a complete justification for the arrest until set aside.

It is argued that if the arrest were made on Sunday, it was illegal, and the warrant or process is no defense or justification. Conceding this to be true, it does not appear that the arrest was made by the direction or with the knowledge of the defendants. The trespass, if any, was therefore committed by the officer, and not by the defendants. The defendants were not responsible for the manner in which the officer executed the process, unless he was acting by their direction at the time. They had sued out and caused to be delivered to him a valid process, and were only responsible for the validity of the process and for good faith in suing it out. "There is no law or justice," says the court, in *Adams* v. *Freeman*, 9 Johns. 118, "that a party who sues out and delivers to the sheriff a valid process should be responsible for the irregularity of the sheriff in executing the process, unless it appear affirmatively that the sheriff acted under his orders when he committed the trespass. The party who sues out process from a competent court is responsible only for the validity of the process and for good faith in suing it out. He is not to answer for the acts of the officer beyond the authority of the precept, unless he make those acts his own." (*Roth* v. *Smith*, 41 Ill. 314; *Ocean S. S. Co.* v. *Williams*, 69 Ga. 251.) It also appears that when plaintiff was arrested by the constable, he was taken to the apartments of defendant's attorney, who being asleep at the time, was aroused, when plaintiff asked to be allowed to give bail, but the attorney said it was too late, and directed the constable to put him in jail. From this fact it is urged

that the subsequent detention of plaintiff constituted false imprisonment, even if the arrest had been regular in every respect up to that time. There are no allegations in the complaint upon which this claim can be sustained. The complaint alleges a wrongful and unlawful imprisonment in a civil action in a justice's court, and not a lawful arrest which afterward became unlawful by reason of a refusal to receive bail. The plaintiff must recover upon the case as made by his complaint or not at all. To admit evidence of harsh or improper treatment of plaintiff, or any other act by which a lawful imprisonment becomes unlawful, the facts should be alleged in the complaint so that the defendant may be informed of the nature of the charge against him and come prepared to meet it by proof, if he so desire. (*Ocean Steamship Co.* v. *Williams,* 69 Ga. 251.) There is nothing in the evidence tending to show any liability on the part of the defendant Lacy.

The judgment is therefore affirmed.