Argued 5 October, decided 23 October, 1905.

## BANNING *v.* ROY.

82 Pac. 708.

EXECUTION AGAINST THE PERSON — REQUISITE JUDGMENT.

1. Under Section 218, B. & C. Comp., providing for an execution against the person of a debtor under certain circumstances, the writ may be issued though the judgment did not recite the entry of an order for the arrest, or the issuance of the writ of arrest, or direct an execution against the person of the defendant.

JUDGMENT — SPECIFICATION OF EXECUTION.

2. It is not essential to the validity of an execution that the judgment on which it is based shall specify the nature of the writ, since the relation between the judgment and the execution is determined by law and not by a court order.

BAIL IN CIVIL ACTION — RETURN OF WRIT OF ARREST.

3. A writ of arrest having issued, and the defendant having given bail while in custody on such writ, the validity of the bail bond is not affected by the failure of the sheriff to return the writ until after the entry of judgment.

BAIL IN CIVIL ACTION — PRESENCE AND ABSENCE OF DEFENDANT.

4. The condition of a civil bail bond being that defendant would at all times be amenable to the process of the court, the fact that he was about the court room during the term at which the case was tried, is no defense to an action on the bond, where he could not subsequently be found to answer to an execution against his person following the giving of the bond.

COLLATERAL ATTACK ON JUDGMENT.

5. In an action on a civil bail bond, the sufficiency of the complaint on which the bond is based is conclusively established by the entry of a judgment thereon.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by H. Banning against J. L. Roy and J. W. Leneve on a bail bond. On or before the 7th of March, 1904, the plaintiff commenced an action at law in the circuit court for Coos County against one Romander to recover money. On the day named an order and warrant for the arrest of Romander was issued in the action,

and he was·arrested by the sheriff of the county. On the next day he was discharged on giving bail, by causing a written undertaking to be executed in favor of the plaintiff by the two defendants in the present action, to the effect that he (Romander) would at all times render himself amenable to the process of the court during the pendency of the action and to such process as might be issued to enforce the judgment therein, if one was recovered. On April 26 a judgment was rendered against him and in favor of the plaintiff for $212.50, together with costs and disbursements, but no reference was made therein to the previous arrest, and there was no provision that execution against the person might issue. Thereafter, and on May 2, an execution against the property of Romander was issued on the judgment and returned unsatisfied, and on the next day an execution against his person was issued, and the sheriff returned that he could not be found. Thereafter this action on the undertaking of bail was commenced. The complaint sets out the making of the order for the arrest of Romander, his arrest, the giving of the undertaking for his release, with the present defendants as sureties, his release by reason thereof, the rendition of the judgment against him, its nonpayment, the issuing and return of the executions against the property and the person, and demands judgment against the defendants. The answer admits the material allegations of the complaint, but alleges affirmatively (1) that the order or warrant of arrest was not returned by the sheriff until after the judgment in the action had been rendered and entered; (2) that the judgment rendered in favor of the plaintiff and against Romander makes no reference to the arrest or the warrant therefor, nor does it provide that it may be enforced by an execution against the person, for which reasons the order for the writ of arrest was vacated and the defendant discharged; (3) that the complaint in the action against Ro-

mander did not state facts sufficient to constitute a cause of action; and (4) that Romander was present in court each day during the term at which the judgment was rendered, and remained within its jurisdiction until on or about the 3d day of May, 1904. A demurrer to the new matter in the separate answer being overruled, plaintiff declined to plead further, and the judgment was rendered against him on the pleadings, from which he appeals. The case was submitted on briefs under the proviso of Rule 16 of the Supreme Court: 35 Or. 587, 600.

REVERSED.

For appellant there was a brief over the name of *Sperry & Chase.*

For respondents there was a brief over the name of *Andrew Jackson Sherwood.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. Before the plaintiff can recover on the undertaking given by the defendants for the discharge of Romander from arrest, it must appear that an execution against his person was legally issued on the judgment recovered against him. The contention of the defendants is that no such execution could rightfully issue, because the judgment makes no reference to the arrest or the warrant therefor, nor does it provide that it may be enforced by execution against the person. The question thus presented is whether, under our statute, to justify an arrest and imprisonment of a defendant upon an execution in a civil action, where he has been provisionally arrested and discharged on bail, it is necessary that the judgment should show the issuance of the writ or an order therefor, or direct an execution against the person.

Section 218, B. & C. Comp., provides that, if the action is one in which the defendant might have been arrested as provided in section 260, an execution against the person

may issue on the judgment therein after the return of an execution against his property unsatisfied in whole or in part (1) when it appears from the record that the cause of action is also a cause of arrest; (2) when the cause of arrest does not appear from the record the execution may issue for any of the causes prescribed in section 260 that may exist at the time of the application; and (3) "when the defendant has been provisionally arrested in the action, or an order has been made allowing such arrest, and in either case the order has not been vacated." In the first and third the execution issues as a matter of course, but in the second it can only be issued upon leave of the court or judge thereof. This section (218) is the only law providing when and under what circumstances an execution may issue against the person of a defendant in a civil action, and it does not require or contemplate that the judgment shall contain any reference to the matter. If the action is in fact one in which the defendant might have been arrested, and the other conditions provided by section 218 exist, it is sufficient to entitle the plaintiff to an execution against his person, without any order to that effect in the judgment: *Corwin* v. *Freeland*, 6 N. Y. 560; *Hutchinson* v. *Brand*, 9 N. Y. 208; *Elwood* v. *Gardner*, 45 N. Y. 349.

2. Unless the statute otherwise provides, a judgment is limited to the relief sought by the pleadings (11 Enc. Pl. & Pr. 958), and it need not specify the kind or character of the execution which may be issued for its enforcement: *Cooney* v. *Van Rensselar*, 1 Code Rep. (N. Y.) 88. When the judgment is rendered, the law, and not the court, determines that question. There are two kinds of executions on judgments for the recovery of money in this State — one against the property and the other against the person: B. & C. Comp. § 214. An execution against the property generally issues as of right, but an execution against the person can only issue in certain enumerated cases and

under certain particular circumstances: B. & C. Comp. §§ 218, 260. One of these is that it may be issued when the defendant has been provisionally arrested or an order has been made authorizing his arrest and is still in force, and the execution against his property has been returned unsatisfied, in whole or in part. And such was the case under consideration. It appears from the pleadings that the defendant in the action in which the undertaking for bail was given had been provisionally arrested, that the order for his arrest has not been vacated, and an execution against his property has been returned unsatisfied. The case, therefore, comes within the statute. The California and Washington cases relied upon by the defendants were under different statutes and are not controlling here: *Burrichter* v. *Cline*, 3 Wash. St. 135 (28 Pac. 367); *Matoon* v. *Eder*, 6 Cal. 57; *Davis* v. *Robinson*, 10 Cal. 411; *Payne* v. *Elliot*, 54 Cal. 339 (35 Am. Rep. 80).

3. The other matters alleged in the answer as defenses were not argued in the brief of defendants, and are without merit. The neglect of the sheriff to return the writ of arrest before judgment was a mere irregularity for which the plaintiff was not chargeable (*Neimitz* v. *Conrad*, 22 Or. 164, 29 Pac. 548), and which in no way affected the validity of the arrest or the order therefor, or the undertaking given by the present defendants.

4. Nor is it any defense that Romander was in attendance upon the court during the term at which the judgment was rendered or remained within its jurisdiction for a few days thereafter. One of the conditions of the undertaking is that he would at all times render himself amenable to such process as might be issued to enforce the judgment, and there is no claim that execution against his person was not issued within the time, if it could legally be issued at all.

5. The sufficiency of the complaint in the action brought against him was, of course, determined by the court rendering judgment, and cannot be questioned in this collateral proceeding.

The judgment of the court below is reversed, and the cause remanded for such further proceedings as may be proper not inconsistent with this opinion.    REVERSED.