### 2551. SINGER SEWING MACHINE CO. *v.* RACHELL.

A party who has delivered to a levying officer a valid, legal process for the seizure of property is not liable to suit as a joint trespasser with the levying officer because the latter, after levying the process, made a wrongful disposition of the property, unless the party so delivering the process procured, counseled, commanded, aided, or abetted the wrongful disposition of the property.

DECIDED JANUARY 24, 1911.

Trespass; from city court of LaGrange—Judge Harwell. February 17, 1910.

*E. A. Jones,* for plaintiff in error. *Arthur Greer,* contra.

POWELL, J. The Singer Sewing Machine Company, through one of its agents, caused an attachment for purchase-money to be

issued against Ida Rachell for the purchase-price of a certain sewing machine. It was levied upon the machine. Judgment in attachment was subsequently obtained, and execution issued on the judgment. The attachment had been levied by a deputy sheriff. After judgment on the attachment was obtained, the deputy sheriff became sick and requested the sheriff to make the sale. The sheriff, supposing that the deputy had levied not only the attachment but also the execution issued upon the judgment, proceeded to sell and dispose of the machine without levying the execution upon it. The defendant in attachment brought suit against the sheriff, the deputy sheriff, and the Singer Sewing Machine Company, as joint trespassers, for the illegal sale of the property. Under the practice in this State, when an attachment is levied upon property, it is necessary, before the property can be sold (except in certain instances where for special reasons what is known as a quick sale of the property under special order can be had), that there be judgment upon the attachment, and execution issued upon the judgment, and a levy of this execution. The property is not sold under the attachment, but under the execution. So that when the sheriff in this case sold the property without there being a levy of the execution, he committed a trespass, for which the defendant in attachment would have a cause of action against him. The sole question in this case is whether the action for the illegal sale of the property can also be maintained against the Singer Sewing Machine Company, the plaintiff in attachment. Of course, a plaintiff in fi. fa. or in attachment, who directs or otherwise causes an illegal levy or sale, may be joined with the officer in an action brought because of the trespass. In such cases the plaintiff and the officer are joint wrong-doers. In this case there is no evidence that the Singer Sewing Machine Company participated in bringing about the unlawful sale. It merely gave directions for the doing of what was lawful—the levying of the attachment and the making of the money on it, according to due process of law. For instance, it has been held that a person causing a legal arrest "can not be held responsible for the conduct of the officer or person in charge of the prisoner after the arrest, unless it be shown to have been done by his authority or to have been caused by him." *Ocean Steamship Co.* v. *Williams,* 69 *Ga.* 251 (6). In the old case of *Brooks* v. *Ashburn,* 9. *Ga.* 297, 302, it is said: "Where an immediate act is

done, by the co-operation or the joint act of two or more persons, they are all trespassers, and may be sued jointly or severally, and any one of them is liable for the injury done by all. To render one man liable, in trespass, for the acts of others, it must appear either that they acted in concert, or that the act of the party sought to be charged, ordinarily and naturally, produced the acts of the others. Guile v. Swan, 19 John. Rep. 382 [10 Am. D. 234]. If Ashburn, as a patrolman, entered the yard of Lockett, in company with Drawhorn, to disperse the slaves, and did not exceed his authority by any act done by him, he is not responsible for the excess of authority on the part of Drawhorn, unless he acted in concert with Drawhorn, either directly or indirectly, in the commission of the acts which constitute such excess of authority." In the present case, as it does not appear that the Singer Sewing Machine Company, by itself or its agent, joined with the officer in doing the act which was in excess of the officer's authority, a verdict finding it liable for the tort was without evidence to support it, and should have been set aside on motion for new trial. *Judgment reversed.*