[No. 236.   Decided November 16, 1891.]

3  135
3  431

J. A. BURRICHTER & Co., *Respondents*, v. HENRY H. CLINE, *Appellant*.

ARREST IN CIVIL ACTIONS—EFFECT OF MONEY JUDGMENT—RETAXATION OF COSTS—CONSTITUTIONAL LAW—AFFIDAVIT.

Where defendant has been arrested and held to bail in a civil action, but the final judgment in the cause is for a money judgment alone, and does not carry forward the provisional remedy of arrest in any manner, the case stands as if the court below had vacated the order of arrest, and defendant is discharged of any claim to take his body in execution.

As costs are not a part of the judgment rendered in a cause, they cannot be re-taxed in the supreme court unless there was a motion for re-taxation denied in the court below.

*Semble:* Under art. 1, § 17 of the constitution, abolishing imprisonment for debt, except in the case of absconding debtors, §§ 116 and 117, Code 1881, have been rendered inoperative, and an arrest thereunder is illegal.

*S mble:* To set forth in an affidavit that a defendant is about to depart from the state with intent to defraud his creditors, with other allegations of like conclusions of law covering all the grounds of arrest provided by statute, is not stating any fact upon which a court can be legally satisfied that an order of arrest should be made.

*Appeal from Superior Court Pierce County.*

Action by J. A. Burrichter & Co. against Henry H. Cline upon a foreign judgment. The defendant was arrested and held to bail on an affidavit charging that he was about to leave the State with intent to defraud his creditors. Judgment for plaintiffs, and defendant appeals.

*John C. Stallcup,* for appellant.
*Marshall K. Snell,* for respondents.

The opinion of the court was delivered by

STILES. J.—We are entirely in accord with the claim of the appellant in this case, that his arrest was illegal and improvident, on the ground that by art. 1, § 17 of the constitution, imprisonment for debt, except in the case of absconding debtors, was abolished, and on the further ground that the affidavits presented to the court, and on which the order of arrest was made, stated no facts sufficient to constitute a cause for arrest under code §§ 116 and 117, if the same had been still operative. An absconding debtor is one who leaves or is about to leave the jurisdiction, or who conceals himself within the jurisdiction for the purpose of avoiding tha process of the courts; but it was not charged that the appellant was doing or about to do either of these things, and if it had been, the legislature had passed no statute on that subject.

Further, to set forth in an affidavit that a defendant is about to depart from the state with intent to defraud his creditors, with other allegations of like conclusions of law covering all the grounds for arrest provided in § 116, was not stating any fact upon which the court or judge could be legally satisfied that an order of arrest should be made, as required by §117. But in this case, although there was an order of arrest, and the appellant was arrested and held to bail, we do not find that the judgment of the court finally

rendered in the cause carries forward the provisional remedy in any manner; on the contrary, the whole subject seems to have been dropped, the respondents contenting themselves with a money judgment alone. Clearly, therefore, if the arrest had been perfectly legal the judgment creditors could now have no remedy against their debtor by seizure of his person, he having been, by the final judgment of the court in the cause wherein no relief of that kind was adjudged, discharged and acquitted of any claim to take his body in execution. Therefore the case stands as though the court below had vacated the order of arrest, and, as the appellant does not dispute the correctness of the final judgment entered, there is nothing for us to do but affirm it. It is true that he complains that he was charged with the costs of the arrest proceedings, which will be collected from him on the execution; but costs are not a part of the judgment, and they cannot be re-taxed here unless there was a motion in the court below for re-taxation which that court denied.

The contention of the respondent that we had disposed of the questions sought to be raised here, on this appeal, in the case of *Cline v. Burrichter*, 2 Wash. 165 (26 Pac. Rep. 192), is erroneous. All that was there decided was that the appeal was premature, no final judgment in the cause having been entered.

Judgment affirmed.

ANDERS, C. J, and SCOTT, DUNBAR and HOYT, JJ., concur.