MONLLOR, PLAINTIFF AND APPELLANT, v. ACOSTA, MUNICIPAL JUDGE, RESPONDENT AND APPELLEE (GONZÁLEZ, INTERVENOR).

APPEAL from the District Court of Ponce in a Certiorari Proceeding.

No. 1926.—Decided February 28, 1919.

ABSCONDING DEBTOR—ARREST IN CIVIL ACTION—AFFIDAVIT.—An affidavit of the plaintiff setting forth that he knew of his own knowledge, by confession of the defendant as well as from the press, that with intent to defraud the affiant the defendant was about to leave the Island of Porto Rico for Cuba, where he intended to reside in the future, without leaving any responsibility in the Island, is sufficient to support a motion for a warrant for the arrest of the defendant as an absconding debtor.

ID.—ID.—EXECUTION OF WARRANT—CERTIORARI.—The refusal of the district court to quash the proceeding on the plea that the warrant of arrest was not executed by the proper official is no ground for granting a writ of certiorari, for the appellant had other remedies.

ID.—ID.—IMPRISONMENT FOR DEBT.—Statutes authorizing arrest in civil actions should be strictly construed, but they do not prevent the strong arm of the law from restraining absconding debtors notwithstanding the constitutional prohibition of imprisonment for debt.

The facts are stated in the opinion.

Mr. Eduardo Flores Colón for the appellant.

The respondent did not appear.

Messrs. L. Torres Grau and Tomás Torres Pérez for the intervenor.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Ponce wherein that court dismissed or annulled an application for a writ of certiorari to J. J. Acosta, municipal judge of Ponce.

The appeal relates to an order of the Municipal Court of Ponce whereby that court issued an order of arrest against Manuel Monllor purporting to act under sections 144, 145 and 146 of the Code of Civil Procedure, of which we copy the germane paragraphs:

"Sec. 144.—The defendant may be arrested as hereinafter prescribed, in the following cases:

"1. In an action for the recovery of money or damages, in a

cause of action arising upon a contract, express or implied, where the defendant is about to depart from the Island of Porto Rico, with intent to defraud his creditors; or when the action is for wilful injury to person, to character, or to property, knowing the property to belong to another.

      \*        \*        \*        \*        \*        \*        \*

"Sec. 145.—An order for the arrest of the defendant must be obtained from a judge of the court in which the action is brought. ·

"Sec. 146.—The order may be made whenever it appears to the judge, by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the cause is one of those mentioned in section 144. The affidavit must be either positive or upon information and belief; and when upon information and belief, it must state the facts upon which the information and belief are founded. If an order of arrest be made, the affidavit must be filed with the secretary of the court."

The first ground of error is that the affidavit states only a conclusion of law, and does not state sufficient facts to comply with sections 144 and 146. We have examined the case of *Burrichter* v. *Cline*, 28 Pac. 367. It is only authority to the effect that an affidavit covering all the grounds enumerated in the statute, all conclusions of law, stated no fact upon which the court could be legally satisfied that an order of arrest should be made. *Ex parte Yonetaro*, 120 Cal. 316, showed an insufficient affidavit inasmuch as averments that the defendant "will escape from the state and thus defraud and cheat this plaintiff" are not the equivalent of the statutory words. The court goes on to say that when the affiant varies from the language of the statute, he must at his peril employ words of similar import. Thus the court intimates that it is sufficient to follow the words of the statute, as implied in section 146, but we need not base our decision exclusively on this point. The affidavit contained a great deal more, inasmuch as it set forth upon oath of complainant that he knew of his own knowledge, by confession of the defendant, as well as from the press, that the defendant was about to leave the Island of Porto Rico for Cuba with intent

to defraud the affiant without leaving any responsibility on the Island, and that the said Monllor was about to leave the next day for Cuba where he planned living in the future. This was a sufficient affidavit.

Appellant maintains that the marshal of the municipal court has no authority under the Code of Civil Procedure to execute an order of arrest of this kind. The argument, as we understand it, is that the said code only mentions the marshal of the district court and that he by subsequent sections is answerable on his bond; that in 1904, when said code was passed, the marshals of the municipal courts were not required to give bonds, but only in 1907. Aside from the fact that it does not clearly appear whether the officer who executed the writ was a marshal of the municipal court or a deputy marshal and that laws of 1907 and previous laws tended to give the municipal courts all the powers of district courts within their proper jurisdictions, even if otherwise we had a doubt, we should not disturb the discretion of the district court in refusing to annul the proceedings on this ground. The appellant would have had other ample remedies besides a certiorari.

The only other point is that the arrest was imprisonment for debt and hence in violation of the Jones Act. The court below disposed of this contention by saying that it was not an arrest for debt, but only a resort to the mesne process, citing 3 Cyc. 398-99. Apellant cites us to 2 R. C. L. 482, and 34 L. R. A. 634. These citations show that statutes of the present kind should be strictly construed, but they do not prevent the strong arm of the law from restraining absconding debtors.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.