## E. O. MUIR & CO. v. KUROSE.

No. 5241. Decided May 12, 1932. (10 P. [2d] 1071.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*Hammond & Thatcher,* of Bountiful, for respondent.

HARRIS, District Judge.

Plaintiff brought this action against the defendant to recover $1,200 alleged to be due on a check. The verified

complaint in substance alleges that during the spring of 1929 plaintiff and the defendant entered into an agreement by the terms of which the plaintiff agreed to finance the defendant in growing a certain crop of potatoes at Buhl, Idaho, in consideration of which defendant agreed to employ plaintiff to sell said crop on a commission basis; that plaintiff performed its agreement, and with its aid defendant produced the crop, but as to part of the crop defendant refused to employ plaintiff to sell the same; that on March 7, 1930, plaintiff and defendant stated their account between them, and defendant made, executed, and delivered to plaintiff his promissory note for $1,200, due in ten days from date, and on March 17, 1930, defendant gave plaintiff his check for $1,200 drawn on the Farmers' National Bank of Buhl, Idaho, in payment of the note; that plaintiff duly presented the said check for payment, where payment was by the bank refused because payment of the same had been stopped by defendant, and that the check had never been paid. The day after the complaint was filed plaintiff filed an affidavit and undertaking for an order of arrest of the defendant as an absconding debtor. The affidavit reads as follows:

"* * * That a sufficient cause of action exists against said defendant and in favor of plaintiff, as fully appears from the verified complaint herein, a copy of which complaint is hereto annexed and made a part of this affidavit, and affiant avers that the allegations therein contained are true; that it is an action for the recovery of money on a cause of action arising upon an express contract, and that the defendant in said action is about to depart from this state with intent to defraud his creditors.

"And affiant further states and shows the following facts and circumstances in support of the above allegations of fraud, to wit: That the cause of action herein sued upon arose in the State of Idaho; that the plaintiff herein was negotiating with said defendant in the State of Idaho, at Buhl, through defendant's attorney, for a settlement of said cause of action; that pending said negotiations the defendant, so affiant is informed and believes, has converted all his property into cash, and has withdrawn his money from the Farmers National Bank of Buhl, Idaho, in which he had been banking, and has come to the State of Utah, and is now at Layton, Davis County,

State of Utah; that defendant's attorney at Buhl, Idaho, has informed plaintiff that the defendant has sold all of his property and is preparing to leave for the Empire of Japan, of which he is a citizen; that said defendant is now at Layton, Davis County, State of Utah, where he is now being married, in preparation for his departure to Japan, which facts affiant alleges upon information and belief; that said defendant has never, during any of the negotiations for settlement of said claim, ever informed plaintiff that he was intending to leave the State of Idaho or the State of Utah, and has led plaintiff to believe that said claim would be settled."

The order of arrest was made, and the defendant was arrested and later released upon giving bail. The defendant filed his answer to the complaint, and the case was tried upon its merits and judgment entered in favor of the plaintiff awarding the plaintiff a money judgment against defendant for the full amount claimed. Nothing in the judgment made any reference to the absconding debtor proceedings, and no execution against the defendant as an absconding debtor was ever requested.

About fifteen days after the entry of the judgment, defendant filed an affidavit controverting a number of the allegations in plaintiff's affidavit for arrest and also a motion to set aside and annul the order of arrest on the ground the affidavit for an order of arrest was insufficient to confer jurisdiction of the court to enter such order. This motion was denied. The defendant thereupon appealed from the judgment, and the only assignment of error argued is that the court erred in denying the defendant's motion to vacate the order of arrest.

Comp. Laws Utah 1917, § 6630, provides:

"No person shall be arrested in a civil action except an absconding debtor."

Section 6631 provides for the judge of the court in which the action is brought to issue the order of arrest. Section 6632 reads as follows:

"The order may be made whenever it appears to the judge by the affidavit of the plaintiff or of some other person that a sufficient cause of action exists, and that the case is such as is mentioned in § 6630. The affidavit must be either positive or upon information and belief; and when upon information and belief, it must state the facts upon which the information and belief are founded. If an order of arrest be made, the affidavit must be filed with the clerk of the court."

Other sections provide for the release of the defendant on bail, the condition of which is:

"* * * That the defendant will at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein, or that they will pay to the plaintiff the amount of any judgment which may be recovered in the action." Section 6638.

Section 6654 of the same chapter provides:

"A defendant arrested may, at any time before the trial of the action, or, if there by no trial, before the entry of judgment, apply to the judge who made the order, or the court in which the action is pending, upon reasonable notice, to vacate the order of arrest or to reduce the amount of bail. * * *"

Sections 6656 to 6664 provide a means of applying for discharge by a person held in jail on an execution issued on a judgment in a civil action. No relief is sought here under these latter sections.

It appears to be conceded that the proceeding to secure the order vacating the release was not brought in time prescribed by section 6654, and the application seems to have no material effect on the judgment entered in the case, but, as we understand counsel's contention, it is that the affidavit for the order of arrest is so fatally defective that the court was without jurisdiction to enter the order of arrest, and it is therefore wholly void, and that defendant may any time in any kind of a proceeding attack the order of arrest upon the theory that it is wholly void.

In the case of *Burrichter* v. *Cline*, 3 Wash. 135, 28 P. 367, 368, the court was confronted by a similar appeal to the one

here, and, after reaching the conclusion the affidavit was fatally defective and the arrest illegal, the court says:

"But in this case, although there was an order of arrest, and the appellant was arrested, and held to bail, we do not find that the judgment of the court finally rendered in the cause carries forward the provisional remedy in any manner; on the contrary, the whole subject seems to have been dropped, the respondents contenting themselves with a money judgment alone. Clearly, therefore, if the arrest had been perfectly legal, the judgment creditors could now have no remedy against their debtor by a seizure of his person, he having been, by the final judgment of the court in the cause wherein no relief of that kind was adjudged, discharged and acquitted of any claim to take his body in execution. Therefore the case stands as though the court below had vacated the order of arrest, and, as the appellant does not dispute the correctness of the final judgment entered, there is nothing for us to do but affirm it."

Likewise in the case of *Tacoma Stove Co.* v. *Cline,* 3 Wash. 431, 28 P. 368, the court held (quoting from the headnote) :

"Where defendant is arrested in attachment proceedings, and plaintiff afterwards abandons the arrest, and contents himself with a final money judgment, no appeal will lie on behalf of defendant on account of the illegality of the arrest."

It would appear that the above is the proper rule to apply in this case. The order of arrest has no part in the judgment against the defendant, and therefore the only fair inference is that it has been abandoned or that defendant has prevailed as to any rights claimed by the plaintiffs under the order of arrest, and therefore may not, after the judgment is entered, appeal from the judgment for the purpose of determining the purely academic question, so far as the judgment is concerned, of whether or not the arrest was legal. Since to vacate the order of arrest at this time would have no effect on the judgment appealed from, the only proper thing we can do is affirm the judgment.

The judgment is affirmed; respondent to recover costs.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.