[No. 33822. Department One. January 25, 1957.]

Jo Ann Hatzenbuhler, *a Minor, by her Guardian ad Litem,*
*Anton Hatzenbuhler, et al., Respondents,* v. Howard W.
Harrison *et al., Defendants,* The City of Seattle
*et al., Appellants.*[1]

[1]Reported in 306 P. (2d) 745.

*A. C. Van Soelen* and *John A. Logan,* for appellant city of Seattle.

*Chas. O. Carroll* and *Howe, Davis, Riese & Jones,* for appellant King County.

*Lenihan & Ivers,* for respondents.

Rosellini, J.—The minor plaintiff, Jo Ann Hatzenbuhler, was severely and permanently injured when she was struck by an automobile driven by one Howard Harrison, on west Roxbury street, which divides Seattle and King county at the place where the accident occurred. This suit, brought by the injured plaintiff through her guardian *ad litem,* her father, who also sued in his own behalf, was based upon the theory that her injuries were caused by the concurring negligence of Harrison, the city of Seattle, and King county.

The jury exonerated Harrison and returned joint and several verdicts against the city and county for Jo Ann Hatzenbuhler in the sum of $55,000 and costs and for Anton Hatzenbuhler for $15,786.63 and costs. Each of these two defendants has appealed.

The pertinent facts are: On the morning of the accident, April 17, 1953, Jo Ann Hatzenbuhler was walking along the south side of west Roxbury street between 11th and 12th avenues southwest and was passing a disabled car which was parked on the same side of the street, when she was struck by the vehicle driven by Harrison. Harrison had been proceeding west on the north side of the street, driving his Ford automobile at a speed of approximately twenty-five miles per hour, when he struck a chuckhole in the asphalt street and lost control of his automobile. The right front wheel went off the street into an eroded and broken portion of the pavement. Harrison, in an attempt to extricate himself, turned his wheels to the left, regained the pavement, and the automobile skidded and sideslipped seventy-one feet westerly and southerly across the street and struck Jo Ann as she was passing the parked car. Harrison's vehicle was still out of control when it struck Jo Ann.

At the time of the accident, the street was in poor condition. The chuckhole had existed for six months, and the street was full of chuckholes and "washboards." Both the city and county had notice of these defects, but no repairs had been made since the preceding February. Previously, the county had, by duly adopted resolution, declared west Roxbury street to be a primary county road, and the Seattle city council had, by ordinance, designated the same street as a secondary arterial street of the city.

During the trial, the city offered evidence which tended to show that the dividing line between the city and county ran close to the north edge of the paved portion of the street, it being the city's theory that its duty of maintenance extended only to that portion of the street which lay within the city limits. This evidence the court rejected, and error has been assigned by the city to this ruling.

In regard to the theory of liability of the defendant corporations, the court, relying upon *Vizzaro v. King County*, 130 Wash. 398, 227 Pac. 497, instructed the jury:

"Where a street or road forms the boundary line between two . . . municipalities, it is the duty of each of them to use reasonable diligence to keep such street or road in a reasonably safe condition for the use of the traveling public. It matters not who built the road in question or who assumed or agreed, as between themselves, to perform the work. The duty is co-extensive with the invitation to the public to use the road or street and extends not only to the paved portions but to all portions thereof which the public is invited to use and does use for vehicle and pedestrian travel."

■■ No error is assigned to this instruction, which is the law of the case, in so far as this appeal is concerned. *Sunset Oil Co. v. Vertner*, 34 Wn. (2d) 268, 208 P. (2d) 906. The city admits that if the law stated in the instruction is correct, the proffered evidence was irrelevant. Under the instruction given and unchallenged in this court, the jury would have been compelled to disregard the evidence had it been admitted; consequently its exclusion does not constitute reversible error.

The county, on its appeal, maintains that each of the causes of action sued upon is barred by the statute of limitations. The trial court held that neither was barred.

After the accident, which occurred on April 17, 1953, both plaintiffs filed their claims for damages with the board of county commissioners within the sixty-day period prescribed by statute. On June 8, 1953, the claims were rejected by the board of county commissioners, and on June 11, 1953, written notice of the rejection was sent to the plaintiffs' attorneys of record. The original complaint was filed on March 4, 1954, approximately nine months after rejection of the claims.

At the time of the accident (when the minor plaintiff was fourteen years of age), and until February 23, 1955, the following applicable statutes were in effect:

Code of 1881, chapter 2, § 32, p. 40 (prescribing the period within which actions must be begun) [*cf.* RCW 4.16.120]:

"Within three months:
" . . . a claim rejected by [a board of county commissioners] . . ."

Code of 1881, chapter 2, § 37, p. 40 [*cf.* RCW 4.16.190]:

"If a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued . . . under the age of twenty-one years, . . . the time of such disability shall not be a part of the time limited for the commencement of action."

Laws of 1893, chapter 121, § 1, p. 291 (amending Code of 1881, chapter 209, § 2695, p. 467) [*cf.* RCW 36.32.330]:

"Any person may appeal from any decision or order of the board of county commissioners to the superior court of the proper county. Such appeal shall be taken within twenty days after such decision or order, . . . Nothing herein contained shall be so construed as to prevent a party having a claim against any county in this state from enforcing the collection thereof by civil action in any court of competent jurisdiction, after the same may have been presented and disallowed in whole or in part by the board of county commissioners of the proper county: *Provided,* That such action be brought within three months after such claim has been acted upon by such board."

Laws of 1919, chapter 149, § 1, p. 414 [*cf.* RCW 36.45.010-.030]:

"That all claims for damages against any county must be presented before the county commissioners of such county and filed with the clerk thereof within sixty days after the time when such claim for damages accrued. All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages claimed, together with a statement of the actual residence of such claimant at the time of presenting and filing such claim and for a period of six months immediately prior to the time such claim for damages accrued, and be sworn to by the claimant. No action shall be maintained for any claim for damages until the same has been presented to the Board of County Commissioners and sixty days have elapsed after such presentation: *Provided,* that if the claimant shall be incapacitated from verifying and filing his claim for damages within the time prescribed, or if the claimant be a minor, or in case the claim is

for damages to real or personal property, and if the owner of such property is a non-resident of such county or is absent therefrom during the time within which a claim for damages to said property is required to be filed, then the claim may be verified and presented on behalf of said claimant by any relative or attorney or agent representing the injured person, or in case of damages to property, representing the owner thereof. . . ."

As enacted, Code of 1881, § 32, provides:

"Within three months:
"(1)  An appeal from any order of a board of county commissioners; or upon a claim rejected by said board."

It was held in *Baum v. Sweeny*, 5 Wash. 712, 32 Pac. 778, that § 32, placing a three-month limitation on appeals from orders of boards of county commissioners, superseded and impliedly repealed its precursor (Laws of Wash. Terr. 1869, § 29, p. 308, providing a twenty-day limitation).

Thereafter, in 1893, the legislature re-enacted the twenty-day provision; and this court held in *Cook v. Clallam County*, 27 Wn. (2d) 793, 180 P. (2d) 573, that this enactment worked an implied repeal on that part of § 32 of the Code of 1881 which pertains to appeals, while preserving the part which relates to actions brought upon claims rejected by boards of county commissioners.

In chapter 41, Laws of 1955, p. 331, the legislature repealed § 32 in the following language:

"SECTION 1. Section 32, Code of 1881 and RCW 4.16.120 are each repealed.
"SEC. 2. This act is necessary for the immediate preservation of the public peace, health and safety, the support of the state government and its existing public institutions, and shall take effect immediately."

The county's position is that the legislature did not intend, in repealing § 32, to do away with the three-month limitation period, but merely to remove from the books a law, one provision of which was in conflict with a later section, and the other provision of which had been re-enacted by subsequent legislation. The plaintiffs maintain that it was the legislative purpose to remove the three-

month limitation on actions against counties; that the existence of Laws of 1893, chapter 121, § 1, p. 291 [*cf.* RCW 36-.32.330], was inadvertently overlooked; that that portion of this section which deals with actions brought on claims against counties is not an enacting clause but a saving clause and falls with the repeal of the law on which it depends (§ 32); that the legislature intended to restore, by implication, a three-year statute of limitations which they claim was in effect prior to the enactment of the Code of 1881; and that the repeal was intended to have a retroactive effect.

It should be noted that, when § 32 was repealed in 1955, the 1893 law, containing the proviso regarding original actions against counties, had been in effect for fifty-two years and had been interpreted by this court as working a repeal of one provision of § 32 while preserving the other. *Cook v. Clallam County, supra.*

█ In arriving at the intent of the legislative body, the first resort of the courts is to the context and subject matter of the legislation, because the intention of the lawmaker is to be deduced, if possible, from what it said. *Graffell v. Honeysuckle,* 30 Wn. (2d) 390, 191 P. (2d) 858; *Lynch v. Department of Labor & Industries,* 19 Wn. (2d) 802, 145 P. (2d) 265. The only intention which can be gathered from the language of chapter 41, Laws of 1955, is an intention to repeal § 32, Code of 1881, providing a three-month limitation on appeals from decisions of county commissioners and actions on rejected claims. If the intention was to substitute another period of limitation, that intention does not appear from the language of the statute.

██ Another rule of statutory construction which the courts observe is that the law-making body is presumed to be familiar not only with its own prior legislation relating to the subject of legislation, but also with the court decisions construing such former legislation. *Graffell v. Honeysuckle, supra; In re Levy,* 23 Wn. (2d) 607, 161 P. (2d) 651, 162 A. L. R. 805. Applying that presumption to the legislative enactment involved here, it is apparent that the legislature repealed § 32 for the reason advanced by the

county; namely, because this court had decided that one provision of § 32 had been impliedly repealed and the other had been re-enacted. It was the apparent conviction of the legislature that, by repealing the section, it would effect no change in existing law. This being the case, there is no merit in the contention that the repeal was intended to affect any cause of action, whether it arose prior to or subsequent to the 1955 enactment. We conclude, therefore, that the repeal was not intended to be retroactive, and consequently the laws under which this case must be decided were those in effect at the time the cause of action arose. See *Horner v. Pierce County*, 111 Wash. 386, 191 Pac. 396.

Under the view we have taken, we will not consider in this case the merits of the plaintiffs' contention that the proviso to the 1893 law, if interpreted as an enacting clause rather than a saving clause (as this court appears to have interpreted it in *Cook v. Clallam County, supra*), is contrary to the provisions of Art. 2, § 19, of the state constitution, prohibiting any bill from embracing more than one subject and requiring that subject to be stated in its title. Since the plaintiffs' status is determined under § 32 of the 1881 code, the constitutionality of which is not questioned, and since the proviso to the 1893 law is not in conflict with § 32 and therefore cannot be construed as an invalid repeal of that section, the further interpretation of Laws of 1893, § 1, p. 291, must wait for a case in which the rights or duties of a litigant rest upon the provisions of this section.

■ Since the complaint in this action was not filed within three months after the claim was rejected, the claim of Anton Hatzenbuhler is barred by the applicable statute of limitations.

■ As to the minor plaintiff, however, it is urged that Code of 1881, § 37 (quoted above) of the chapter on limitations applies. That section provides that if a person entitled to bring an action *"mentioned in this chapter"* is a minor at the time his cause of action accrues, he is exempt from the limitation provisions during the period of his dis-

ability. An action on a claim rejected by a board of county commissioners is among those "mentioned in this chapter." It would appear evident that the exemption in favor of minors was meant to apply.

But the county urges that this is a provision of a "general statute of limitations," whereas the limitation on actions against counties is a part of a special statute creating the right, and cites authorities which hold that in such a case, the exemption does not apply. We have no quarrel with those cases, but the difficulty in applying them here is that, in this state, the statute which created the right to sue a county did not make it a condition to such a suit that it be brought within the prescribed period. Laws of 1869, § 602, p. 154; Code of 1881, § 662, p. 143 [cf. RCW 4.08.120], provides:

"An action may be maintained against a county or other of the public corporations mentioned or described in the preceding section either upon a contract made by such county, or other public corporation in its corporate character and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

The statute of limitations applicable to such actions is found in the general statute of limitations and is, therefore, not a limitation imposed in the law which created the right. Cases which interpret such statutes do not control the question here.

We are, also, aware of our holding that the exemption in favor of minors, found in the general statute of limitations, does not rescue them from the requirement that their claims must be filed within sixty days after the date of injury. *Forseth v. Tacoma*, 27 Wn. (2d) 284, 178 P. (2d) 357. By statute (Laws of 1919, § 1, p. 414, quoted above), the filing of a claim is made a condition precedent to the bringing of an action against a county, and no exception is made in the case of a minor. But the *filing of a claim* is not an "action" mentioned in the chapter on limitations. While it is true that a minor must, through his representative, file his claim with the board of county commissioners within

sixty days after his injury occurs, as a condition precedent to bringing an action, under § 37 of the chapter on limitations, he need not bring his action until his disability is ended. In the case of the minor plaintiff, therefore, the trial court correctly concluded that her action was not barred by the statute of limitations.

The judgment in this cause was entered on March 23, 1956; and on March 30, 1956, the plaintiffs filed their cost bill. On the same day, the defendant county filed its motion to retax costs. A similar motion was filed by the city on April 5, 1956. The motions were set for hearing on April 9, 1956. In the meantime, on April 5, 1956, the county filed its notice of appeal. When the motions to retax costs came on for hearing, the court decreed that it had no jurisdiction to entertain the motions, because of the fact that an appeal had been taken. Error is assigned to this ruling.

Rem. Supp. 1949, § 482 [cf. RCW 4.84.090] provides for the serving and filing of a cost bill, by the party to whom costs are awarded, within ten days after the judgment. RCW 4.84.200, Rem. Rev. Stat., § 494 provides:

"Any party aggrieved by the taxation of costs by the clerk of the court may, upon application, have the same retaxed by the court in which the action or proceeding is had."

Costs, which are taxed by the clerk, are not a part of the judgment at the time it is rendered. 3 Bancroft's Code Practice and Remedies (1927) 2863, § 2165. They cannot be retaxed on appeal unless a motion was made in the trial court for retaxation and was denied. *Burrichter v. Cline*, 3 Wash. 135, 28 Pac. 367. RCW 4.84.200 places no time limitation upon the motion for retaxation of costs; the only way in which the correctness of costs can be determined, under the statute, is by the motion to retax.

Since costs are not a part of the judgment until they have been taxed, they are not a part of the subject matter of the appeal. In interpreting Rule on Appeal 15, 34A Wn. (2d) 22 (providing that on the taking of an appeal by notice and the filing of a bond, the supreme court shall

acquire jurisdiction of the appeal for all necessary purposes), we have held that, as to matters which do not inhere in the appeal or affect it, the trial court retains jurisdiction. *Sewell v. Sewell,* 28 Wn. (2d) 394, 184 P. (2d) 76. The consideration of a motion to retax costs is a matter for the trial court in the first instance, and the question never arises until after the entry of judgment. The unsuccessful party is not required to delay the taking of his appeal until after the cost bill has been served and filed, the motion to retax costs has been served and filed, and the matter has been heard. If this were the case, the successful litigant might very well postpone the hearing on the motion until the time for taking an appeal had expired.

Since the costs to be taxed are as yet undetermined when judgment is entered, and since the correctness of the costs claimed is a matter to be decided by the trial court on application, we conclude that the jurisdiction of the trial court to decide this matter is not affected by the taking of an appeal. Consequently the court erred in refusing to hear the motion, and the cause will be remanded so that proper action may be taken. We do not pass upon the objections which have been raised to the cost bill at this time, but assume that the trial court will determine the facts and approve or disapprove the items claimed according to the applicable law.

The judgment against the city is affirmed in favor of both parties; against the county it is affirmed as to the minor plaintiff and reversed as to Anton Hatzenbuhler. The cause is remanded with directions to the trial court to hear and determine the motion to retax costs.

Costs on appeal are apportioned as follows: The plaintiffs shall recover three fourths of their costs, one half of which shall be paid by the city and one half by the county. The county shall recover one fourth of its costs, to be paid by the respondent Anton Hatzenbuhler.

DONWORTH, SCHWELLENBACH, FINLEY, and FOSTER, JJ., concur.