9 Wn. App. 656 (1973)
513 P.2d 840
SEATTLE PROFESSIONAL PHOTOGRAPHERS ASSOCIATION, Appellant,
v.
SEARS, ROEBUCK AND COMPANY et al., Respondents.
No. 1628-1.
The Court of Appeals of Washington, Division One.
September 4, 1973.
James D. Picton, for appellant.
Carney, Stephenson, Siqueland, Badley & Smith, Basil L. Badley, Perkins, Coie, Stone, Olsen & Williams, David Wagoner, John L. Weinberg, Ryan, Carlson, Bush, Swanson & Hendel, Raymond C. Swanson, Michael R. Rayton, Lane, Powell, Moss & Miller, D. Wayne Gittinger, Matthew R. Kenney, Graham, McCord, Dunn, Moen, Johnston & Rosenquist, Frederick O. Frederickson, Frank R. Kitchell, Lycette, Diamond & Sylvester, and Lyle Iversen, for respondents.
JAMES, J.
By this action plaintiff Seattle Professional Photographers Association, claiming violation of the Washington Unfair Practices Act, RCW 19.90, seeks a permanent injunction enjoining the defendants from
selling photographic products, including, but not limited to, color portraits, at less than the cost thereof; using said photographic products as "loss leaders"; engaging in the sale and distribution of said photographic products; entering into contracts with providers of said photographic services, whereby sales below cost are effected; and participating in and engaging in any collusive scheme to violate provisions of RCW 19.90 et sequitur.
Plaintiff is a nonprofit corporation whose members are professional photographers. The defendants are all retail merchants doing business in Seattle.
The plaintiff Association appeals from an order granting defendants' motion to dismiss the complaint based upon the grounds that (1) the Association has no standing to bring the action, and (2) the complaint fails to state a claim upon which relief can be granted. In addition to assigning error *658 to the granting of the motion to dismiss, the Association also assigns error to the trial judge's denial of its motion to amend its complaint.
All parties agree that the defendants' first challenge to the complaint, i.e., lack of standing, raises a question of first impression in Washington.
It is defendants' theory that the Photographers Association is not the real party in interest and that dismissal of the action is compelled by CR 17(a), which provides in part that: "Every action shall be prosecuted in the name of the real party in interest," and by RCW 4.08.010 which provides that: "Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law." "The real party in interest, if there is a cause of action," say defendants, "is not the [Association] but might be the [Association's] members who are in the business alleged to have been affected."
Defendants reason that the Association cannot be considered a real party in interest because at most, defendants' activities would cause it to suffer only indirect damages in the way of a reduction in the amount of dues it receives from its members. Both at trial and on appeal defendants cite a number of federal district court cases to support their thesis that "[b]efore a trade association, like the [plaintiff] herein, has a right to seek relief under the Unfair Practices Act, the [plaintiff] must have a business or property interest that could have been injured by the alleged acts of the [defendants]." But defendants have not responded to the Association's assertion that "all the cases produced in the lower Court without exception involve actions commenced under Federal provisions of the Sherman and Clayton Acts which provide that the party bringing suit must be `any person who shall be injured in his business or property.'"
In their appellate briefs, defendants rely upon the same cases. They are inapposite.[1] Federal legislation concerning *659 "Monopolies and Combinations in Restraint of Trade" requires claim of "injury," 15 U.S.C. § 15 (1970), or "threatened loss or damage," 15 U.S.C. § 26 (1970), as a condition to the bringing of an action by a private entity. The Washington Unfair Practices Act contains no provision requiring that a plaintiff be one who claims injury or damage. On the contrary, the Washington act expressly provides that:
It shall not be necessary that actual damages to the plaintiff be alleged or proved.
RCW 19.90.090.
The Association contends that its standing to maintain the action is established by RCW 19.90.090 which provides in pertinent part as follows:

Any person may maintain an action to enjoin a continuance of any act or acts in violation of any of the provisions of this chapter and, if injured thereby, for the recovery of damages.
(Italics ours), and by RCW 19.90.010 in which
words and terms are defined as follows:
"Person" includes any person, firm, association, organization, partnership, business trust, company, corporation or municipal or other public corporation;
(Italics ours.)
Defendants answer this contention by pointing out that undeniably the Washington act is patterned after California's similar legislation,[2] but Cal. Bus. & Prof. Code § 17070 (West 1964), in contrast to RCW 19.90.090, provides that:
Any person or trade association may bring an action to enjoin and restrain any violation of this chapter and, in addition thereto, for the recovery of damages.
(Italics ours.)
*660 Defendants reason that, as a matter of public policy, the Washington legislature must have intended that trade associations were not to be permitted to bring suits to enforce the statutes. Defendants suggest that the "apparent public policy behind such a determination is obvious for actions by trade associations to enforce state unfair trade laws have been struck down in other jurisdictions as price fixing violating the federal antitrust laws."
[1-3] Defendants' reasoning is not persuasive. The provisions of RCW 19.90.010 and RCW 19.90.090 do not require judicial construction. Their meaning is clear. The fundamental object of judicial interpretation or construction is to ascertain and give effect to legislative intent. Graffell v. Honeysuckle, 30 Wn.2d 390, 191 P.2d 858 (1948). The intention of the legislature is to be deduced, if possible, from what is said. Hatzenbuhler v. Harrison, 49 Wn.2d 691, 306 P.2d 745 (1957). Any entity may bring suit to enforce the Washington Unfair Practices Act.
Among the most remarkable features of the Unfair Practices Act are its self-enforcement provisions. Not content to rely upon criminal actions brought by the prosecuting attorney or suits brought directly by the attorney general, the legislature authorized "any person" to go to court. Where only injunctive relief is sought it is not even necessary for the plaintiff to plead or prove acutal damage as a condition of relief.
(Footnotes omitted.) Reiley, Enforcement of Legislation Prohibiting Sales Below Cost in Washington, 42 Wash. L. Rev. 817, 819 (1967).
To insulate legislative judgment from erosion by judicial construction, the Washington Unfair Practices Act provides that:
The legislature declares that the purpose of this chapter is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition, by prohibiting unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices by which fair and honest competition is destroyed or prevented. *661 This chapter shall be liberally construed that its beneficial purposes may be subserved.
RCW 19.90.910.
We hold that the Association has standing to maintain this action.
We next consider defendants' contention that the Association's complaint fails to state a claim upon which relief can be granted. In its trial brief the Association requested permission to amend its complaint by striking allegations with respect to violations of RCW 19.90.020 and RCW 19.90.030. CR 15 provides that leave to amend shall be freely given when justice so requires. The request to amend should have been granted, and we will consider that the complaint alleges only violations of RCW 19.90.040.
Defendants assert that the Association's complaint fails to charge that they have violated the provisions of RCW 19.90.040. Citing Martin v. Aleinikoff, 63 Wn.2d 842, 844, 389 P.2d 422 (1964), defendants point out that "[i]ntent to injure or destroy competition is, in truth, the touchstone," of the Unfair Practices Act, and that "give-aways" and sales below cost are not prohibited unless they are accompanied by an intent to accomplish a purpose made unlawful by the act. "Santa Claus is not an outlaw," say defendants.
We agree that the Association must claim that defendants acted with the intent or purpose to injure or destroy competition. We are satisfied that a careful reading of paragraph 3 of the Association's complaint does make such claim.
RCW 19.90.040 provides that, for the purpose of injuring competitors or destroying competition, it is unlawful for any person engaged in business within this state to either (1) sell any article or product at less than it cost him, or (2) give away any article or product. RCW 19.90.040 also provides that it shall be unlawful for any person engaged in business within this state to use any article or product as a "loss leader" or to make or enter into any collateral contract whereby a sale below cost is effected, to the injury of a competitor, and where the same destroys or tends to *662 destroy competition. A "loss leader" is defined by RCW 19.90.010:
"Loss leader" means any article or product sold at less than cost as herein defined to induce, promote or encourage, the purchase of other merchandise, or which may have the tendency or capacity to mislead or deceive purchasers or prospective purchasers, or which diverts trade from or otherwise injures competitors;
The Association's complaint alleges that:
The Defendants, and each of them, have, during the months of September and/or October, in King County, Washington, sold, contrary to said statutes of the State of Washington, photographic products, including, but not limited to, color portraits, at less than the cost thereof; that, further, said Defendants have used said photographic products as a "loss leader" contrary to said statutes; that, further, said Defendants have engaged in the sale and distribution of said photographic products, with the intent to destroy the competition of members of Plaintiff association, contrary to said statutes; and, further, that said Defendants have entered into contracts with providers of said photographic services, whereby sales below cost are effected, to the injury of competing members of Plaintiff association, to the end that the same destroys competition.
[4] The rule to be followed in appraising the sufficiency of a complaint is stated in Sherwood v. Moxee School Dist. 90, 58 Wn.2d 351, 353, 363 P.2d 138 (1961) by citing Conley v. Gibson, 355 U.S. 41, 45, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957):
"... In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief...."
Whether or not the Association can prove its claims is a matter for the trier of fact. If they are proved, RCW 19.90.090 requires the granting of the injunction sought by *663 the Association. We hold that the Association's complaint states a claim upon which relief can be granted.
Reversed.
SWANSON, C.J., and WILLIAMS, J., concur.
NOTES
[1] "Unlike the Consumer Protection Act, the Unfair Practices Act is not a local re-enactment of federal antitrust legislation. While its prohibitions against price discrimination, sales below cost, extension of special services and privileges to purchasers and tying arrangements appear consistent with the purposes of the federal antitrust laws, the latter are of little assistance as an aid to interpretation." (Footnotes omitted.) Dewell & Gittinger, The Washington Antitrust Laws, 36 Wash. L. Rev. 239, 271 (1961).
[2] Reiley, Enforcement of Legislation Prohibiting Sales Below Cost in Washington, 42 Wash. L. Rev. 817, 821 n. 28 (1967).