[No. 1810-42445-1. Division One. April 22, 1974.]

SHIRLEY BOWING, *Respondent*, v. BOARD OF TRUSTEES OF GREEN RIVER COMMUNITY COLLEGE DISTRICT NO. X, *Appellant*.

*Slade Gorton, Attorney General,* and *Thomas L. Anderson, Assistant,* for appellant.

*Jones, Grey, Bayley & Olsen* and *Dexter A. Washburn, Kevin C. McMahon,* and *George W. Steers,* for respondent.

JAMES, J.—Respondent Shirley Bowing, a tenured faculty member of Green River Community College, was dis-

missed by the appellant, Board of Trustees. Pursuant to RCW 28B.50.864 of the Community College Act of 1967 and RCW 34.04.130 of the administrative procedure act, she sought judicial review of her dismissal.[1] The trial judge granted Bowing's motion for summary judgment and ordered reinstatement. We reverse.

The factual matters relevant to the issues presented on appeal are not disputed.

The college president notified Bowing that charges against her had been brought to his attention which could result in her dismissal. The letter of notification stated that the charges were (1) ineffective teaching and (2) inability to work with other staff members to the degree that student welfare was adversely affected. Each charge was supported by a list of specific examples. The letter notified Bowing of the time and place of a hearing before the "review committee" pursuant to RCW 28B.50.863.

The committee heard testimony and considered documentary evidence. Both Bowing and the college president were represented by counsel and, as required by RCW 28B.50.863, the witnesses were subject to cross-examination. The committee found that neither charge was established by a preponderance of the evidence and in a document which it entitled "Findings of Fact and Conclusion," recommended that Bowing be retained as a faculty member of the college.

Upon receiving the committee's recommendation, the board met to review the record of the committee hearing. Bowing appeared in person and both she and the college president were again represented by counsel.

Following that hearing, the board issued its "Review and Determination of the Board of Trustees Number One." The board accepted the hearing committee's conclusion that

[1]Institutions of higher education are no longer covered by the administrative procedure act (RCW 34.04) but are now covered by the State Higher Education Administrative Procedure Act (RCW 28B.19).

the evidence was insufficient to support the first charge but rejected the committee's conclusion as to the second charge. The board refused to accept the committee's determination that although Bowing was "unwilling" to cooperate with other staff members, her unwillingness did not affect student welfare. The board pointed out that the charge against Bowing was "inability" to work with other staff members, not "unwillingness." It further identified testimony at 48 points in the review committee record which, in its judgment, evidenced an "adverse effect on student welfare in support of charge two" and noted the "lack of specific findings of fact" to support the committee's conclusions. Finally, it concluded that the second charge was "substantiated by the evidence on the record" and, pursuant to dismissal rule B12 of the college's POLICIES AND PROCEDURES FOR TENURE AND DISMISSAL, directed the committee to "thoroughly review the record in the light of the objections specified" and reconsider its recommendation. Bowing was given a copy of the board's "Review and Determination."

The hearing committee then met. No party was present or represented by counsel and no additional evidence was considered. The committee's "Reconsideration of Recommendation" expressed the "opinion" that the board's objections were based upon quotes taken out of context and were "controverted by further testimony in the record." In response to the board's reference to its failure to support its conclusion by specific findings of fact, the committee said:

> With regard to the second charge, the Committee found that the charge was not substantiated by a preponderance of the evidence on the record. There was not unanimity of the Committee regarding the specific facts and therefore explicit findings of fact are not listed.

The "Reconsideration" reaffirmed the committee's conclusion that the second charge against Bowing was not substantiated by the necessary preponderance of evidence.

Upon receipt of the committee's "Reconsideration," the board recessed a regularly scheduled public meeting to fur-

36

ther consider the matter. Again, no party participated and no new arguments or evidence were presented or considered. After deliberating, the board reconvened the public meeting and voted to dismiss Bowing. Thereafter, the board issued its "Final Review, Determination, and Order of the Board of Trustees," which included the following recitals:

The Board of Trustees has thoroughly reviewed the record, the exhibits, the oral and written arguments of counsel, and considered the recommendations of the Review Committee. . . . In section VII of the Review and Determination of the Board of Trustees Number One, the Board explicitly set forth some of the testimony in the record of the adverse effect on student welfare in support of the second charge. The Review Committee refused to make explicit reference to the specific facts upon which they relied and made no attempt to rebutt the evidence cited. The Board of Trustees finds that Miss Shirley Bowing demonstrated an inability to work with other staff members at Green River Community College including [five named staff members]. Furthermore, this inability clearly had an adverse effect upon the student welfare as shown by the Purdue Rating Scale, student testimony and expert testimony from both faculty and staff cited from the record in section VII of the Review and Determination of the Board of Trustees Number One (attachment B).

The trial judge found two bases for his ruling. He first concluded that the review committee

is vested with exclusive authority to make factual findings; that the Board of Trustees, by disregarding the factual findings of the Review Committee based on the hearing of April 13 through April 15, 1971, and entering its own factual findings based upon a record of that hearing and oral and written argument of counsel, improperly invaded the province of the Review Committee; and that as a result Petitioner was denied the effect of a fair hearing and her contract as a tenured faculty member of Green River Community College was thereby unlawfully terminated; . . .

We do not agree.

Tenure for members of the faculty of community colleges is authorized by statute.

It shall be the purpose of RCW 28B.50.850 through 28B.50.869 to establish a system of faculty tenure which protects the concepts of faculty employment rights and faculty involvement in the protection of those rights in the state system of community colleges. RCW 28B.50.850 through 28B.50.869 shall define a reasonable and orderly process for appointment of faculty members to tenure status and the dismissal of the tenured faculty member.

RCW 28B.50.850. By definition, "tenure" means "a faculty appointment for an indefinite period of time which may be revoked only for adequate cause and by due process." RCW 28B.50.851.

 RCW 28B.50.852 requires the appointing authority (the Board of Trustees) to establish rules implementing the faculty tenure statutes. In compliance with the statute, rules entitled GREEN RIVER COMMUNITY COLLEGE POLICIES AND PROCEDURES FOR TENURE AND DISMISSAL were adopted. Dismissal rule B12 provides:

The Board of Trustees shall base its review on the record of the previous hearing, accompanied by opportunity for argument, oral and/or written by the principals and/or the representatives at the hearing by the Board. The decision of the Hearing Committee should either be sustained or the proceedings be returned to the committee with objections specified. In the latter case the committee should reconsider, taking account of the stated objections and receiving new evidence if necessary. It should frame its [decision] and communicate it in the same manner as before. *Only after study of the committee's reconsideration should the Board of Trustees make a final decision overruling the committee.* The Board of Trustees shall, within ten days following the conclusion of such a review, notify the accused faculty member in writing of its final decision. Any decision to dismiss shall be based solely upon the original charges as brought to the Board of Trustees and established by a preponderance of evidence at the hearing to be sufficient cause or causes for dismissal.

(Italics ours.) RCW 28B.50.863 provides:

Prior to the dismissal of a tenured faculty member, or a faculty member holding an unexpired probationary faculty appointment, the case shall first be reviewed by a review committee. The review shall include testimony from all interested parties including, but not limited to, other faculty members and students. The faculty member whose case is being reviewed shall be afforded the right of cross-examination and the opportunity to defend himself. The review committee shall prepare *recommendations* on the action they propose be taken and submit such *recommendations* to *the appointing authority* prior to their final action.

(Italics ours.) RCW 28B.50.864 provides:

Any faculty member dismissed pursuant to RCW 28B.50.850 through 28B.50.869 shall have a right to appeal the *final decision of the appointing authority* within ten days thereof in accordance with RCW 34.04.090 through 34.04.140 as now or hereafter amended. For the purposes of chapter 34.04 RCW any appeal pursuant to this provision shall be considered a contested case as defined in RCW 34.04.010(3).

(Italics ours.) We find in the "tenure code" (RCW 28B.50.850-.869) no statutory support for the trial judge's conclusion that the review committee is vested with the exclusive authority to make factual findings.

The requirement that the committee make findings of fact is imposed by dismissal rule B10:

The Committee should make explicit findings with respect to each of the grounds of removal presented which shall be based exclusively on the evidence and matters presented.

But dismissal rule B12 clearly recognizes that the committee's "explicit findings" (rule B10) and "recommendations" (RCW 28B.50.863) are not binding upon the board:

Only after study of the committee's reconsideration should the Board of Trustees make a final decision *overruling* the committee.

(Italics ours.)

To the contrary, RCW 28B.50.864 which authorizes a ju-

dicial review of a board's decision to dismiss, expressly adopts the provisions of the administrative procedure act, RCW 34.04. RCW 34.04.110 requires that board members personally consider the *record* of the committee hearing before proposing dismissal.

> Whenever in a contested case a majority of the officials of the agency who are to render the *final decision* have not heard or read the evidence, *the decision, if adverse* to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision, including findings of fact and conclusions of law has been served upon the parties, and an opportunity has been afforded each party adversely affected to file exceptions and present written argument to a majority of the officials who are to render the decision, who shall *personally consider the whole record* or such portions thereof as may be cited by the parties. Oral arguments may be heard in the discretion of the agency.

(Italics ours.) RCW 34.04.110. While it is apparent that the legislature intended that a tenured member of a community college faculty should be dismissed only for sufficient cause with full recognition of constitutional rights to due process (RCW 28B.50.851; RCW 28B.50.861), it is clear that the final decision for dismissal rests with the board. RCW 28B.50.863. No authorization to delegate the power of dismissal is provided in the Community College Act of 1967, RCW 28B.50. And, as pointed out in *In re Puget Sound Pilots Ass'n,* 63 Wn.2d 142, 385 P.2d 711 (1963), although RCW 34.04.110 permits a subdelegation for the purpose of taking testimony and securing evidence, there can be no delegation of the ultimate power to dismiss without express statutory authority. The trial judge erred in concluding that the board was bound by the committee's factual findings.

The second basis relied upon by the trial judge was that Bowing's contract as a tenured faculty member was unlawfully terminated because the board issued its

> "Final Review, Determination and Order of the Board of Trustees" without having previously served upon Peti-

tioner a proposed form for such order, together with findings of fact and conclusions of law and without having afforded the Petitioner an opportunity to present written or written and oral argument with respect thereto, as required by RCW 34.04.110, . . .

RCW 34.04.110 required that the board provide Bowing with "findings of fact and conclusions of law," a "proposal for decision" and an opportunity to present argument *if* a majority of the board has not "heard or read the evidence" presented to the committee. The board contends that a reading of the "record" of the committee hearing by a majority of the board satisfies the statutory requirement. Bowing argues that a proposed adverse decision was required because a majority of the board did not attend the committee hearing and "hear" the testimony of the witnesses and "read" the documentary evidence introduced at the committee hearing.

RCW 34.04.110 is not free from ambiguity. We must, therefore, be guided by accepted judicial rules to ascertain the legislative intent. *Krystad v. Lau*, 65 Wn.2d 827, 400 P.2d 72 (1965); *McDermott v. Kaczmarek*, 2 Wn. App. 643, 469 P.2d 191 (1970). If possible, the courts will find meaning for an uncertain phrase by reading it in context with the entire statutory enactment. *Hatzenbuhler v. Harrison*, 49 Wn.2d 691, 306 P.2d 745 (1957); *Seattle Professional Photographers Ass'n v. Sears, Roebuck & Co.*, 9 Wn. App. 656, 513 P.2d 840 (1973). We find that when RCW 34.04.110 is read in its entirety together with the community college "tenure code" (RCW 28B.50.850-.869), it becomes apparent that the trial judge did not err in accepting Bowing's reading of the statute.

Fundamental to the "tenure code" is the right to due process. RCW 28B.50.851. The requirement for due process is a recognition that "tenure" is a constitutionally protected property right. *Cf. Perry v. Sindermann*, 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972); *Deering v. Seattle*, 10 Wn. App. 832, 520 P.2d 638 (1974).

The right to due process, at minimum, means the right to

be heard. But the right to be heard is meaningless unless it is afforded at "a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965).

Because of the requirement of dismissal rule B12 that the board return the "proceedings" to the committee for reconsideration in view of the board's specified "objections," Bowing should have been given an opportunity to meet the board's objections before final decision. Only after the committee submitted *its* required "reconsideration" could Bowing be afforded a hearing at a "meaningful time."

When RCW 34.04.110 is read in its entirety, it is apparent that the legislature recognized that an apposite argument could only be made after it was realized that the board proposed to disregard the recommendation of the committee. Were we to accept the board's reading of the statute, we would have to read the word "evidence" to mean "record." But in the same sentence of the statute it is required that if the board members have not "heard or read the evidence," they must, in addition to providing a proposed decision and an opportunity to be heard, "personally consider [read] the whole *record.*" (Italics ours.) It is thus apparent that (1) when the legislature meant "record" it said record and not "evidence"; and (2) "heard or read the evidence" cannot mean the same thing as "read the record" because it is the *record* that the board must read when it has *not* heard or read the *evidence.* If "evidence" meant "record," the sentence would produce a non sequitur.

We therefore agree with the trial judge's conclusion that the board was required to serve Bowing with a "proposed" decision "together with findings of fact and conclusions of law" and an opportunity to be heard. We do not, however, agree that the proper remedy was a reversal of the board's final order of dismissal. According to RCW 34.04.130 (6), reversal would be proper only if Bowing's "substantial rights" have been prejudiced because she was not served with a "proposal for decision." Such a proposal may still be

42

tendered. The tender of a "proposal for decision" will afford Bowing an opportunity "to file exceptions and present written argument" as contemplated by RCW 34.04.110. As provided by RCW 34.04.130(6), we remand the case to the board with directions to afford Bowing an opportunity to be heard after serving her with "a proposal for decision, including findings of fact and conclusions of law." *Cf. State ex rel. Gunstone v. State Highway Comm'n*, 72 Wn.2d 673, 434 P.2d 734 (1967).

Reversed with directions.

HOROWITZ and WILLIAMS, JJ., concur.

Petition for rehearing denied July 11, 1974.

Review granted by Supreme Court October 10, 1974.